**Evelyn D. JANAK, Guardian of the Estate of Victor J. Janak, N.C.H., Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for Sharpstown State Bank, Houston, Texas, Appellee.**

No. 17455.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 21, 1979.

Tom M. White, Charles L. B. Aycock, Houston, for appellant.

Baker & Botts, Ray H. Berk, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment rendered in favor of the Federal Deposit Insurance Corporation in a suit filed for the purpose of enforcing an agreement to settle a different lawsuit which the parties later discovered had been dismissed for want of prosecution. The judgment will be reversed.

In 1973, the Corporation filed suit against the guardian to recover on a promissory note executed by Janak payable to the Sharpstown State Bank. In 1976, the guardian agreed to a settlement of the claim subject to the approval of the Probate Court. The Probate Court approved the settlement agreement on August 23, 1976. The settlement was also approved by the F.D.I.C. on October 6, 1976. An agreed judgment was attached to the application for approval filed in the Probate Court. The attorney for the Corporation was not advised of the fact that the settlement agreement had been approved by the Probate Court and requested a trial setting in March of 1978. At that time the attorneys for both parties first learned that the case had been dismissed for want to prosecution on April 5, 1976. The attorney for the Corporation was advised of a timely manner when the case was set on the dismissal docket. He filed a motion to retain in the wrong court and received no notice of dismissal of the suit.

This suit seeking to enforce the settlement agreement was filed on May 23, 1978. The claim based on the settlement agreement was not filed with the estate until July 20, 1978, the claim asserted was for $101,808.00. The guardian failed to act on the claim and as a matter of law it was overruled 30 days after the date of filing.

The Corporation filed a motion for a summary judgment supported by affidavits. Evelyn Janak filed no answer to the motion for a summary judgment, but she did file an affidavit in opposition. The facts previously recited are established by the summary judgment evidence.

In the affidavit in opposition to the summary judgment the affiant states that the agreement to settle was subject to the approval of the Probate Court and that the terms of the agreement are set out in the application filed with the Probate Court, a copy of which is attached to the affidavit. The affidavit states that "guardian has never refused to honor her commitment to enter into an agreed judgment, but that she has been prevented from doing so by reason of the fact that said cause has been dismissed."

In the application for approval filed with the Probate Court, Evelyn Janak stated that the F.D.I.C. timely filed suit on a rejected claim in the amount of $123,508.45, plus interest, court costs and attorney fees, and that the cause is "now pending" in the 189th Judicial District Court. The application further recites:

"That the guardian and F.D.I.C. have compromised and settled said claim subject to this Court's approval, a copy of the Agreed Judgment is attached hereto as Exhibit "A" and is incorporated herein and made a part hereof for all purposes."

"That the Guardian herein feels that it would be to the best interest of the Estate to compromise and settle this claim in accordance with said Agreed Judgment."

The attached agreed judgment recites:

"Whereas, said F.D.I.C. and said Guardian wish to reach a full and final settlement of all issues of fact and of law, and all contentions, claims, and causes of action arising out of the facts in contention as hereinabove set forth;

"Now therefore, said F.D.I.C. and said Guardian, in consideration of the mutual covenants and agreements to be performed, as hereinafter set forth, agree as follow:

(1) F.D.I.C. and said Guardian will agree to a judgment in said Cause No. 936,582, ordering that F.D.I.C. to have and recover of and from said Guardian in her representative capacity the total sum of $117,044.32, with interest thereon from date of judgment, said judgment providing that Victor J. Janak will be held personally liable under said judgment only to the extent of any distributions which F.D.I.C. may receive from said Guardianship Estate in said Cause No. 118,010, and further ordering that Guardian does have and recovers nothing of and from F.D.I.C.; and

. . . "It is, therefore, ordered, adjudged and decreed, that Federal Deposit Insurance Corporation, as Receiver for Sharpstown State Bank, Plaintiff, do have and recover of and from Evelyn D. Janak, Guardian of the Person and Estate of Victor J. Janak, Defendant, in her representative capacity, and only in that capacity, and not individually, the sum of $117,044.32, with interest thereon at the rate of ten (10%) percent per annum from the date hereof until fully paid; provided, however, that Victor J. Janak shall not be individually liable for such sum beyond his interest in the funds and properties now under the jurisdiction of said Guardianship Estate;

. . . ."

It appears from this application that the Probate Court approved the agreement upon a representation that the case was pending. A consideration of the terms of the application and of the proposed judgment attached thereto reveals that the agreement was to enter a judgment rather than to pay a sum certain. This conclusion is compelled by the provision of the agreement that the judgment would provide that Victor J. Janak will be held personally liable only to the extent of any distribution which the F.D.I.C. may receive from the guardianship estate and from the provision in the proposed judgment that Victor J. Janak shall not be individually liable for such sum beyond his interest in the funds and properties now under the jurisdiction of the guardianship estate. The parties will

be presumed to have intended the contract to comply with the pertinent provisions of the Probate Code. Section 327 of the Probate Code (Vernon's Tex.Civ.Stat. Vol. 17b), provides that unsecured claims against an estate presented to the executor after the expiration of twelve months from the original grant of letters, and allowed and approved or established by judgment, shall be paid by the executor when he has funds of the estate in his hands over and above what is sufficient to pay all debts of every kind against the estate which were presented within twelve months and properly approved or established by judgment. The proposed agreed judgment further limits the liability of the ward and the estate to the funds on hand at the time of entry of the judgment. There is no summary judgment evidence establishing the amount of money available in the estate for the payment of the judgment. We conclude, therefore, that while there was an agreement to enter a judgment in a sum certain, there was no agreement to settle the claim for such certain, that is, to pay a certain amount in settlement of the claim.

In appeals from summary judgment it is now incumbent on the Appellate Court to carefully consider a provision of Rule 166–A, T.R.C.P., as amended effective January 1, 1978. The Rule now reads: ". . . the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission on the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues as expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. . . ."

The motion for summary judgment filed by the Corporation asserts that the settlement agreement is a valid and binding contract between the parties; that the exist-

ence of the agreement was expressly affirmed in the defendant's original answer; that there is no genuine issue as to any material fact, and that the plaintiff is entitled to judgment in its favor as a matter of law.

While no answer to the motion for summary judgment was filed, the affidavit constitutes an "other response" as that phrase is used in Rule 166–A, supra. In this affidavit it is asserted that the agreement to settle was made subject to the Probate Court approval and that the terms of the settlement were found in the application to that Court for approval. This assertion is supported by the statement in the plaintiff's petition that the agreement to settle was reduced to writing by counsel on behalf of the estate of Victor J. Janak in an application to enter into an agreed judgment filed in Probate Court No. 2 of Harris County, Texas. The application to settle and the agreed judgment attached to and made part of the application are annexed to the affidavit and made a part thereof by reference. Facts showing that the settlement agreement was made after the dismissal of the case are set out in the affidavit and the affiant states that the guardian has not refused to honor the commitment but that she has been prevented from doing so by reason of the dismissal of the case in which the judgment was to have been entered.

In her brief on appeal, the guardian asserts that the trial court erred in granting the motion for a summary judgment because it was conclusively shown that the guardian's performance of the agreement was impossible at the time the agreement was made and because at the time the agreement was made F.D.I.C. and the guardian mistakenly assumed that the lawsuit which the agreement was intended to compromise and settle remained in existence. It is also asserted that the summary judgment was erroneously granted because the F.D.I.C. prevented the guardian from performing the agreement upon which its suit is based.

**906**

In an opinion filed May 9, 1979, in Cause No. B 2073, entitled J. E. Feller, Ind. DBA Program Security Corporation v. Southwestern Bell Telephone Company, the Court of Civil Appeals for the 14th District of Texas construed Rule 166–A as requiring the non-moving party to make some response to a motion for a summary judgment, and in that response to bring fact issues to the attention of the Trial Court as a predicate to relying on those issues on appeal as grounds for reversal. The court held that the word "answer" as used in the rule meant an answer in response to the motion for summary judgment. The case does not specifically deal with the situation where issues of fact are raised by statements of fact in opposing affidavits, but are not specifically pointed out to the trial court.

In *Matthews v. Houtchens,* 576 S.W.2d 880, 885 (Tex.Civ.App.-Fort Worth 1979, no writ) the court held that Rule 166–A required a party to a summary judgment to "either plead or prepare and present some instrument to the trial court by which he discloses all issues upon which the court is expected to act or rule; otherwise, save for that upon which the court does act or rule, he may not complain on appeal in reliance on existence or non-existence of any issue not acted upon or ruled upon by the summary judgment."

■ We conclude that issues controlling the disposition of the case must be brought to the attention of the court either by the motion for a summary judgment or by the answer or other response to the motion. Issues not thus raised cannot be considered on appeal. The burden remains on the movant to show that there is no genuine issue as to any material fact relevant to the issues set out in his motion and that a like burden is placed on the respondent with reference to affirmative defenses as was the procedure prior to the amendment of the rule. It appears that the word "issue" is used in two different contexts in the rule. First the phrase "there is no genuine issue as to any material fact" means that the material facts are not in

dispute. When the rule states that the moving party must show that it is entitled to judgment as a matter of law on the "issues" the word must have been used in the sense of points of law which would be decisive in the case. One of the definitions of the word found in Blacks Law Dictionary is "the disputed point or question to which the parties in an action have narrowed their several allegations, and upon which they are desirous of obtaining the decision of the proper tribunal . . . ."

■ The facts set out in the affidavit in opposition to the motion raised the question of mutual mistake, but this issue was not specifically called to the attention of the trial court. On the other hand, the facts do not raise the issue of whether the F.D.I.C. prevented the guardian from performing the agreement and this issue was not specifically presented to the trial court in the affidavit. The question whether the guardian's performance of the agreement was impossible at the time the agreement was made was presented in both the language of the affidavit and the facts therein recited. We conclude that both the issues of impossibility and mutual mistake are raised by the affidavit filed in response to the motion for summary judgment are properly before this court.

■ In considering impossibility of performance we must distinguish between original impossibility and supervening impossibility. The former is impossibility of performance existing when the contract was entered into, so that the contract was to do something which from the outset was impossible; whereas supervening impossibility is that which develops sometime after the inception of the contract. The Restatement of Contracts also distinguishes between subjective impossibility and objective impossibility. Section 455 of the Restatement provides that impossibility of performing a promise that is not due to the nature of the performance but wholly to the inability of the individual promissor neither prevents the formation of the contract nor discharges a duty created by a contract. Section 456 states that except as stated in

Section 455, or where a contrary intention is manifested, a promise imposes no duty if performance of the promise is impossible because of facts existing when the promise is made of which the promissor neither knows nor has reason to know.

■ Because unknown to either of the contracting parties, the suit filed by the F.D.I.C. against the guardian to collect on the Sharpstown State Bank Note had been dismissed prior to the completion of the agreement, original objective impossibility of performance existed. The guardian had no duty to perform the promise to settle the claim by entering an agreed judgment in the lawsuit which had been dismissed. *Faria v. Southwick*, 81 Idaho 68, 337 P.2d 374 (1959); see Anno.: Contract-Performance-Impossibility, 84 A.L.R.2d 1831, et seq.

No cases have come to our attention which enforced a contract against the defense of original objective impossibility. See *Ellwood v. Nutex Oil Co.*, 148 S.W.2d 862 (Tex.Civ.App.-El Paso 1941, writ ref.); *United Sales Co. v. Curtis Peanut Co., Inc.*, 302 S.W.2d 763 (Tex.Civ.App.-Dallas 1957, writ ref. n. r. e.); *United States v. Texas Construction Co.*, 224 F.2d 289 (5th Cir. 1955).

The guardian's original answer does not specifically set up the defense that the contract was entered into as a result of a mutual mistake as to a material fact. The guardian's affidavit states facts showing that the parties executed the contract under a mutual mistake of fact in that each believed the suit on the promissory note was pending trial when in fact it had been dismissed for want of prosecution. The F.D.I.C. could not institute a new suit on the claim. *Russell v. Dobbs*, 354 S.W.2d 373 (Tex.1962).

■ In this case, mutual mistake has been raised by the affidavit filed in response to the motion for a summary judgment. When the affidavits disclose facts which render the position of the party moving for a summary judgment untenable, summary judgment should be denied regardless of defects which may exist in the

pleadings of the opposite party. *Womack v. Allstate Ins. Co.*, 156 Tex. 467, 296 S.W.2d 233 (1956). An action to rescind is not the only legal means of being relieved of the obligations of a contract made under a mistake of fact; relief may also be obtained by defending against an asserted liability on the contract. *Houston Fire & Casualty Ins. Co. v. Pritchard & Abbott*, 155 Tex. 120, 283 S.W.2d 728 (1955). The guardian lacked the power to approve and revive a claim barred by § 313 of the Probate Code. *Russell v. Dobbs, supra; Burks v. Bennet*, 62 Tex. 277 (1884). The fact that the claim was barred by limitation unless the order dismissing the suit on the note could be set aside would have been a material consideration to both parties in settlement negotiations.

The judgment is reversed and the cause is remanded to the trial court.