Maria TOONEN, Appellant,

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.

No. 04–95–00832–CV.

Court of Appeals of Texas, San Antonio.

Nov. 27, 1996.

Steven R. Saindon, San Antonio, for appellant.

Pamela G. Matthews, Barry A. Chasnoff, Richard B. Hendin, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Maria Toonen appeals a summary judgment granted in favor of United Services Automobile Association (USAA). We affirm.

## BACKGROUND

From December 13, 1993 through December 13, 1994, USAA insured Toonen's home pursuant to a Texas Homeowners Policy. The Policy contained an appraisal clause, which provided:

If you and we fail to agree on the actual cash value, amount of loss or the cost of repair or replacement, either can make a written demand for appraisal. Each will then select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a district court of a judicial district where the loss occurred. The two appraisers will then set the amount of loss, stating separately the actual cash value and loss to each item. If you or we request that they do so, the appraisers will also set:

a. the full replacement cost of the dwelling.

b. the full replacement cost of any other building upon which loss is claimed.

c. the full cost of repair or replacement of loss to such building, without deduction for depreciation.

If the appraisers fail to agree, they will submit their differences to the umpire. An itemized decision agreed to by any two of these three and filed with us will set the amount of the loss. Such award shall be binding on you and us.

Each party will pay its own appraiser and bear the other expenses of the appraisal and umpire equally.

On May 16, 1994, Toonen reported a claim to USAA for damage to her roof from a March 27, 1994 hail storm. USAA's adjuster inspected the roof on May 25, found no storm damage, and reported his finding to Toonen. Dissatisfied, Toonen requested a second inspection. Before this second inspection, however, sometime during the month of July, Toonen hired Jansen & Co., a private adjusting firm, "to represent her in handling [her]

claim" and "to adjust her loss and deal with USAA in attempting to resolve this matter. . . ." Accordingly, it was to Jansen & Co.'s Russell Smith that USAA's second adjuster, Cindy Blasing, on July 9 reported her finding that she had also found no storm damage. On July 18, Smith wrote Blasing, referencing Toonen's policy and stating:

> Please be advised that Maria Toonen has appointed Jansen & Co. as appraiser for the hail damage at [Toonen's home] covered by the referenced policy.
>
> Please have your appraiser contact our office at 922 W. Greens Rd., Suite 100, Houston, TX 77067, 1–713–873–8700.

On July 30, USAA named Bob Moore as its appraiser.

In late October, Toonen retained an attorney to represent her. On November 4, Toonen's attorney notified USAA that Toonen would file suit if, after the expiration of sixty days, Toonen had not received $4,914.00. Toonen's attorney alleged claims arising under the Texas Deceptive Trade Practices Act and the Texas Insurance Code.

On November 16, Moore and Smith reached an agreement, appointing Ray Conduit as umpire and finding that Toonen was entitled to an award of $1266.35 to replace three missing shingles. USAA received the agreement on November 22 and, by check dated November 29, tendered this amount to Toonen. The cover letter enclosing the check stated that Toonen's public adjuster, Russell Smith, requested appraisal; the appraisal process was pursued; and the appraisers had agreed that Toonen was entitled to "$2076.35 less her $810 deductible" or $1266.35. Neither Toonen nor her attorney responded to this letter. On January 11, 1995, Toonen sued USAA for breach of contract and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, as well as common law negligence, intentional infliction of emotional distress, negligence per se, fraud, misrepresentation, and breach of the common law duty of good faith and fair dealing.

USAA answered and shortly thereafter moved for and was granted summary judgment on Toonen's breach of contract and bad faith claims. The grounds stated in USAA's motion were two-fold. First, USAA contended that Toonen's contractual claim was without merit because "the outcome of the appraisal established USAA's liability under the Policy." Second, USAA argued that "[b]ecause [it] did not breach the Policy, it did not act in bad faith." USAA's motion was supported by Blasing's affidavit, together with a copy of the Policy, Smith's July 18 letter, and the appraisers' agreement.

Toonen's response denied that she had invoked or was bound by the appraisal clause and was supported by Toonen's affidavit, which stated:

> 2. In July of 1994, I hired Jansen and Company, a private adjusting firm, to represent me in handling my claim for hail damage against [USAA]. At no time did I agree, nor otherwise authorize Jansen and Company, to agree to participate in the appraisal process described by USAA in their Motion for Summary Judgment. I hired Jansen and Company to adjust my loss and deal with USAA in attempting to resolve this matter, but never did I agree nor consent to the appraisal process described by USAA.
>
> 3. At no time did I ever agree to accept $1,266.35 as full and final payment of my claim for hail damage to my roof from USAA. At no time did I ever authorize Jansen and Company to accept this amount in satisfaction of my claim.
>
> 4. My hail damaged roof has been replaced at a cost of $4,367.39. This is a lot of money to me. I did not, and would never, accept the small amount described claimed by USAA to settle this claim.
>
> 5. In late October 1994, when it became apparent that USAA was not going to fairly compensate me for my hail damaged roof, I retained the services of Steven R. Saindon. By letter dated November 4, 1994, Mr. Saindon made demand on USAA for the repair cost of my roof. I would not have retained Mr. Saindon to represent my interests against USAA if an agreement had already been reached regarding this claim. Any claimed agreement by USAA between USAA and myself is incorrect.

At no time did I agree nor authorize such a settlement.

6. Any contention by USAA that I agreed to the appraisal process, or agreed to accept the amount claimed in their motion in settlement of my claim would be based upon fraud, accident, or mistake.

In its reply, USAA stated that "based on a conversation between USAA's adjuster and Toonen, USAA believed that Russell Smith of Jansen and Co. had the authority to act on behalf of Toonen and perform any and all acts relating to her claim." This assertion was based upon Blasing's supplemental affidavit, which so stated. The trial court granted "[s]ummary [j]udgment in favor of USAA on all of [Toonen]'s claims" without stating a ground for its ruling, and Toonen appealed.

## SCOPE AND STANDARD OF REVIEW

We review a summary judgment *de novo.* Accordingly, we take as true all evidence favorable to the nonmovant, indulging all reasonable inferences and resolving all doubts in her favor. *Nixon v. Mr. Property Mgt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Only if there are no material issues of fact, and the movant has established that he is entitled to a judgment in his favor as a matter of law will we uphold the summary judgment. *Id.* However, when, as here, the trial court grants a summary judgment without specifying a ground for its ruling, we will affirm the summary judgment if any theory advanced in the motion for summary judgment is meritorious. *Weiner v. Wasson,* 900 S.W.2d 316, 317 n. 2 (Tex.1995).

## BREACH OF CONTRACT

Under her sole point of error, Toonen argues that the trial court erred in granting a summary judgment against her because her affidavit raises a material issue of fact as to whether she authorized Smith to engage in the appraisal process on her behalf. USAA, on the other hand, contends the summary judgment is proper because the summary judgment proof establishes that Smith possessed implied actual authority or apparent authority to engage in the appraisal process on Toonen's behalf.

### The Parties' Burdens

Texas law is well-established that an appraisal award made pursuant to an insurance policy is binding and enforceable unless the insured proves that the award was unauthorized or the result of fraud, accident, or mistake. *See Barnes v. Western Alliance Ins. Co.,* 844 S.W.2d 264, 267 (Tex.App.— Fort Worth 1992, writ dism'd by agr.); *Providence Lloyds Ins. Co. v. Crystal City I.S.D.,* 877 S.W.2d 872, 875 (Tex.App.—San Antonio 1994, no writ) (citing *Scottish Union & Nat'l Ins. Co. v. Clancy,* 71 Tex. 5, 8 S.W. 630, 631 (1888)). Lack of authority, as well as fraud, accident, or mistake, are thus in the nature of affirmative defenses. *Cf. Barnes,* 844 S.W.2d at 268 n. 2 (insurer seeking to avoid appraisal bore burden of proof on issue of fraud, accident, or mistake). As a general rule, a party seeking to avoid a summary judgment by virtue of an affirmative defense bears the burden of raising a material issue of fact on that defense. *Cf. American Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex. 1994) (plaintiff who interposes fraudulent concealment, which is "in the nature of an affirmative defense," must raise fact issue as to each element of fraudulent concealment).

In this case, USAA's motion and supporting proof are legally sufficient to establish (1) Toonen's claim had been appraised pursuant to the Policy, and (2) USAA had tendered the amount awarded by the appraisers. Accordingly, USAA was entitled to summary judgment in its favor on Toonen's breach of contract claim unless Toonen raised an issue of fact as to a ground for setting aside the appraisal award. Toonen claims she did so because her affidavit demonstrates that Smith was not authorized to invoke the appraisal process.[1] We disagree.

---

1. In her affidavit, Toonen conclusorily asserted that the award was the result of fraud, accident, or mistake. Plainly, Toonen's conclusory assertion is insufficient to raise an issue of fact as to this ground for setting aside the award. *See generally* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.03[6][a] nn.81–82 (2d. ed.1996) (collecting cases). In any event, however, Toonen has abandoned this argument on appeal.

## Smith's Authority

■ An agent's authority to act for its principal may be demonstrated in any one of three ways: express actual authority, implied actual authority, or apparent authority. *E.g., Insurance Co. of North America v. Morris,* 928 S.W.2d 133, 144 (Tex.App.—Houston [14th Dist.] 1996, writ requested). Accordingly, to avoid a summary judgment, Toonen was required to raise an issue of fact as to each of these agency theories.

## Express Actual Authority

In her brief, Toonen's sole argument for reversing the summary judgment against her is that she did not expressly authorize Smith to act on her behalf in the appraisal process. We agree that USAA did not carry its summary judgment burden of establishing express actual authority, which "exists where the principal makes it clear to the agent that he wants the act in question done." *Morris,* 928 S.W.2d at 143; *see also City of San Antonio v. Aguilar,* 670 S.W.2d 681, 683 (Tex.App.—San Antonio 1984, writ dism'd). The trial court's summary judgment thus cannot be sustained on this ground. However, USAA argues that the judgment is nonetheless correct because Toonen failed to raise fact issues as to whether Smith possessed either implied actual authority or apparent authority to invoke the appraisal process on Toonen's behalf. We agree.

## Implied Actual Authority and Apparent Authority

■ Implied actual authority arises when "appearances justify a finding that in some manner the agent was authorized to do what he did." *Morris,* 928 S.W.2d at 144. Apparent authority "is a form of estoppel where a third party relies on conduct of the principal which would lead a reasonably prudent person to believe the agent had authority to act." *Id.*

In this case, Toonen admitted in her affidavit that she "hired Jansen and Company to adjust [her] loss and deal with USAA in attempting to resolve this matter...." And she made no effort to controvert Blasing's statement that "based on a conversation between USAA's adjuster and Toonen, USAA believed that Russell Smith of Jansen and Co. had the authority to act on behalf of Toonen and perform any and all acts relating to her claim." Nor did she attempt to explain either Smith's letter, which plainly invokes the Policy's appraisal process, or his actual participation in the appraisal process to conclusion—all of which clearly establish that USAA and Smith believed that Smith was authorized to invoke and had invoked the Policy's appraisal process on Toonen's behalf. Finally, both Toonen and her attorney were completely silent when given notice by USAA in its November 29 letter of the appraisal process and award. *See Land Title Co. of Dallas v. F.M. Stigler, Inc.,* 609 S.W.2d 754, 756 (Tex.1980) (principal can ratify agent's unauthorized acts by failing to repudiate agents actions once principal acquires actual or constructive knowledge of facts, even if knowledge acquired after transaction in question); *Diamond Paint Co. of Houston v. Embry,* 525 S.W.2d 529, 535 (Tex.Civ.App.— Houston [14th Dist.] 1975, writ ref'd n.r.e.) (ratification by silence). Indeed, Toonen did not even raise the issue of Smith's authority until her response to USAA's motion for summary judgment.

Under these circumstances, we hold that Toonen failed to raise an issue of fact as to whether Smith was authorized by implied actual authority and apparent authority to invoke the appraisal process on her behalf. USAA thus conclusively established that it complied with and did not breach the Policy. The trial court therefore properly granted summary judgment against Toonen on her breach of contract claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

■ As a general rule, an insured does not have a bad faith claim in the absence of a breach of contract by the insurer. *Republic Ins. Co. v. Stoker,* 903 S.W.2d 338, 341 (Tex. 1995). In this case, Toonen has not alleged, argued, or produced summary judgment evidence suggesting the application of either of the exceptions to this general rule, *i.e.,* that USAA "commit[ted] some act, so extreme, that would cause injury independent of the policy claim," or that USAA failed "to timely

investigate its insureds' claims." *Id.* Accordingly, the trial court properly granted summary judgment against her on her bad faith claim.

### TOONEN'S REMAINING CLAIMS

 "Under Rule 166a, a trial court cannot grant summary judgment for a reason that the movant does not present to the trial court in writing." *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996). However, to preserve the error in granting excess relief, the appellant must bring forward a point of error complaining of the error, *Yiamouyiannis v. Thompson,* 764 S.W.2d 338, 342 (Tex.App.—San Antonio 1988, writ denied), *cert. denied,* 493 U.S. 1021, 110 S.Ct. 722, 107 L.Ed.2d 742 (1990), or, at the very least, argue in her brief that excess relief was improperly granted. *See Gilchrist v. Bandera Elec. Co-op., Inc.,* 924 S.W.2d 388 (Tex.App.—San Antonio 1996, writ requested); *id.* at 396 n. 6 & accompanying text (Duncan, J., dissenting).

Toonen has not complained, either by way of a point of error or argument, that the trial court erred in granting summary judgment against her as to her claims for negligence, intentional infliction of emotional distress, negligence per se, fraud, and misrepresentation. Accordingly, Toonen has waived any error as to the summary judgment on these claims.

### CONCLUSION

The trial court correctly rendered summary judgment against Toonen on her breach of contract and bad faith claims. Accordingly, since Toonen has not challenged the summary judgment against her on her remaining claims, the trial court's judgment is affirmed.