Brandi WILLIAMS and Rodney
Dale Williams, Appellants,

v.

NGF, INC., d/b/a New Generation
Farms, Appellee.

No. 06–98–00070–CV.

Court of Appeals of Texas,
Texarkana.

Submitted May 12, 1999.

Decided May 13, 1999.

Brandi Williams, Diana, pro se.

Greogory D. Smith, Paul H. Gilliam, Ramey & Flock, Tyler, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Justice ROSS.

This is an appeal from a no evidence summary judgment granted in favor of NGF in a negligence and products liability suit. In one point of error, the Williamses contend that the trial court erred in granting summary judgment to NGF because a genuine issue of material fact exists as to the cause of injuries sustained by Brandi Williams.

Brandi Williams was employed by Wal–Mart Supercenter as a cashier. NGF supplied the store with flowers and plants for retail sale. Other suppliers also provided flowers and plants. On March 28, 1994, NGF delivered 14 chrysanthemums and 100 Easter lilies to the store. On March

31, 1994, Williams was working at a cash register located near the floral department of the store. A display cart filled with flowers was near that register. The cart contained Easter lilies and chrysanthemums, as well as other varieties of flowers. Williams noticed an aroma coming from the display cart that reminded her of bug spray, and she started having respiratory difficulties. She went outside to get some fresh air and fainted. She was taken to a hospital, where she was diagnosed with reactive airway disease (RAD) which, in the opinion of two treating physicians, was likely caused by the inhalation of chemical fumes in her workplace.

The Williamses filed suit against NGF, alleging that it had applied to the plants various chemicals which were unreasonably dangerous to Brandi Williams, that it failed to warn of the dangers of working in close proximity to the chemically-treated plants, and also alleging that the chemicals caused her injuries.

NGF moved for summary judgment on the Williamses' claims and contended that (1) there was no evidence of a causal connection between Brandi Williams' injuries and the flowers supplied by NGF, and (2) there was no evidence that the chemicals came from flowers supplied by NGF because flowers from other vendors were also on display. The trial court granted summary judgment in favor of NGF without stating the bases for the ruling.

Our review of the trial court's rendition of summary judgment is de novo. *Toonen v. United Servs. Auto. Ass'n*, 935 S.W.2d 937, 940 (Tex.App.-San Antonio 1996, no writ). Under the "no evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. Tex.R. Civ. P. 166a(i). The motion must state the elements as to which there is no evidence. *Id.* The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.* The party with the burden of producing evidence at trial also has the burden to produce some evidence in the no evidence summary judgment proceeding. *See Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193, 197 n. 3 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

When reviewing a no evidence summary judgment motion, we utilize the same legal sufficiency standard as that used in reviewing a directed verdict. *Graves v. Komet*, 982 S.W.2d 551, 553 (Tex.App.-San Antonio 1998, no pet.).

■ On appeal, the Williamses contend that the fact that NGF treated its flowers with certain chemicals and Brandi Williams developed respiratory problems shortly after beginning work near the flower display is sufficient to avoid summary judgment. In order to raise a fact issue on causation, the Williamses must offer evidence excluding other plausible causes of the injury with reasonable certainty. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 720 (Tex. 1997).

Dr. Jack Farnham, one of Brandi Williams' treating physicians, stated that other irritants, such as household chemicals, dust, smoke, and natural fragrances could also possibly cause RAD, but stated that volatile chemicals were the most common cause of the disease. Dr. Farnham also stated that it was possible to test individuals for reactivity to specific substances, but Brandi Williams was not tested because the facilities were not available to perform such tests.

■ Dr. Farnham also reported that two other physicians, Drs. Todd Holman and Leroy Foster, thought that Brandi Williams' symptoms were "probably related" to the inhalation of chemical fumes, but Dr. Farnham was not able to identify any particular chemical as the cause of her symptoms and was unwilling to state that, in reasonable medical probability, a certain chemical was the cause of the problem. A

possible cause only becomes "probable" when, in the absence of other reasonable causal explanations, it becomes more likely than not that the injury was a result of its action. *Parker v. Employers Mut. Liability Ins. Co.*, 440 S.W.2d 43, 47 (Tex.1969) (cited with approval in *Havner*, 953 S.W.2d at 720).

There is no evidence in the expert testimony of a causal connection between Brandi Williams' RAD and the chemicals used by NGF other than the possibility of such a connection. Since the Williamses' evidence failed to establish that the chemicals were the probable cause of her injuries, summary judgment was proper.

■ Additionally, NGF argues that because the Williamses were unable to show that the flowers provided by NGF, and not those from another supplier, were likely the cause of Brandi Williams' symptoms, they have not met their burden to produce some evidence. The evidence shows that flowers from other suppliers were also included in the display near Brandi Williams' register. The Williamses failed to produce evidence which excluded the possibility that these other flowers or chemical agents used on them were the cause of her injuries.

The judgment of the trial court is affirmed.