Affirmed and Memorandum Opinion filed June 15, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00748-CV

___________________

 

Gary Grayson and Dale Grayson,
Appellants

 

V.

 

Grayson Armature Large Motor Division,
INC., Appellee



 



 

On
Appeal from the 133rd District Court 

Harris County,
Texas



Trial Court Cause No. 2008-57085

 



 

 

MEMORANDUM OPINION

Appellants Gary and Dale Grayson
challenge the trial court’s July 23, 2009 order granting summary judgment in
favor of appellee Grayson Armature Large Motor Division, Inc. (“Grayson
Armature”).  We affirm.

Background

On February 13, 2007, Gary and Dale Grayson filed
suit against Richard Grayson, Leon Huggins, and Grayson Armature asserting claims
for breach of fiduciary duty and shareholder oppression.  They also requested
an accounting.  Richard Grayson is a director of Grayson Armature and serves as
its vice president.  Huggins also is a director of Grayson Armature and serves
as its president.  Gary and Dale Grayson are shareholders of Grayson Armature.   
       

A settlement agreement was reached on May 21, 2008 in
conjunction with a mediation.  The terms “parties,” “plaintiffs,” and
“defendants” are not defined in the settlement agreement.  The settlement
agreement was signed by (1) Gary and Dale Grayson, and counsel for the
“plaintiffs;” and (2) Richard Grayson, Huggins, and counsel for the “defendants.” 
There is no signature block for Grayson Armature.  

Pursuant to the settlement agreement, the “defendants”
agreed to pay the “plaintiffs” $300,000 each.  The settlement agreement further
states as follows:

5.         The parties hereby agree to release, discharge,
and forever hold the other harmless from any and all claims, demand, or suits,
known or unknown, fixed or contingent, liquidated or unliquidated, whether or
not asserted in the above case, as of this date, arising from or related to the
events and transactions which are the subject matter of this cause, including
but not limited to any claims Plaintiffs may have to any interest in Grayson
Armature Large Motor Division, Inc.; Grayson Armature, Orange Texas, Inc.;
Pasadena Services, Inc.; Grayson Armature, Inc.; Grayson Small Motor; and any
and all related or associated businesses of any kind.  Also included in release
is [sic] Richard Grayson and Leon Huggins.

6.         Other
terms of this settlement are this settlement is subject to the conveyance of
all right, title and interest in the land and all attachments at 1203 Witter
Street in Pasadena, Texas, including all land presently occupied by Grayson
Armature Large Motor Division, Inc., including all land noted in attached
exhibit A (marked purple).

 

On June 2, 2008, counsel for Richard
Grayson, Huggins, and Grayson Armature sent a letter to Gary and Dale Grayson’s
counsel requesting instructions on “how the settlement checks are to be paid.” 
On June 3, 2008, counsel for Richard Grayson, Huggins, and Grayson Armature
sent a letter to Gary and Dale Grayson’s counsel “follow[ing] up on discussion
[from] this morning” and again requesting “settlement disbursement
instructions.”  Gary and Dale Grayson did not respond to the June 3, 2008
letter.  

            On September 26,
2008, Grayson Armature filed its original petition asserting a breach of
contract claim and seeking a declaratory judgment.  Gary and Dale Grayson filed
their original answer on October 31, 2008.  

On March 11, 2009, Grayson Armature filed a traditional
motion for summary judgment.  Grayson Armature asserted that it entered into a
valid contract with Gary and Dale Grayson to settle the underlying litigation;
that it had tendered performance; and that Gary and Dale Grayson failed to
tender performance, causing damages.  Grayson Armature requested that the trial
court “order [Gary and Dale Grayson] to simply perform in accordance with the
plain language of the Settlement Agreement,” or reform the agreement and order
Gary and Dale Grayson to perform in accordance with the reformed agreement if the
trial court “concludes that any portion of the Settlement Agreement is
unclear.”  

Gary and Dale Grayson filed a first amended original
answer on March 26, 2009, and a response to Grayson Armature’s motion for
summary judgment on March 30, 2009.  In their summary judgment response, they
asserted that Grayson Armature lacked “standing” to enforce the settlement
agreement because it was not a party to or a third-party beneficiary of the
settlement agreement, and that the settlement agreement was unenforceable due
to mutual mistake and impossibility.  On April 6, 2009, Grayson Armature filed
a reply asserting that it had “standing” to enforce the settlement agreement as
a party to or third-party beneficiary of the agreement, and that the agreement
was not unenforceable due to mutual mistake or impossibility.  Richard Grayson
and Huggins filed a plea in intervention on June 3, 2009.  

The trial court signed an order granting Grayson
Armature’s motion for summary judgment on July 23, 2009.  Richard Grayson and
Huggins subsequently filed an intervenor’s notice of non-suit on July 24, 2009. 
Gary and Dale Grayson timely filed this appeal.

Standard of Review

We review a traditional motion for summary judgment de
novo, taking as true all evidence favorable to the nonmovant, and indulging
every reasonable inference and resolving any doubts in the nonmovant’s favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  A traditional
summary judgment may be granted if the motion and summary judgment evidence
establish there is no genuine issue of material fact and the moving party is
entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  

Analysis

            Gary and Dale
Grayson present three issues on appeal.  First, they argue that the trial court
erred in granting Grayson Armature’s motion for summary judgment because Grayson
Armature lacks “standing” to sue them to enforce the settlement agreement.  Alternatively,
in their second and third issues, Gary and Dale Grayson argue that the trial
court erred in granting Grayson Armature’s motion for summary judgment because they
raised a genuine issue of material fact regarding their affirmative defenses of
mutual mistake and impossibility of performance. 

I.         “Standing” to
Enforce Settlement Agreement

Gary and Dale Grayson first argue that Grayson
Armature lacks “standing” to enforce the settlement agreement.  To enforce a
contract, a litigant must be (1) a party to the contract; or (2) an intended
third-party beneficiary of the contract.  See Wells v. Dotson, 261
S.W.3d 275, 284 (Tex. App.—Tyler 2008, no pet.); Yasuda Fire & Marine
Ins. Co. of Am. v. Criaco, 225 S.W.3d 894, 898 (Tex. App.—Houston [14th
Dist.] 2007, no pet.).  Gary and Dale Grayson also argue that the settlement
agreement is unenforceable because it is ambiguous regarding Grayson Armature’s
status under the agreement.  

Preliminarily, Gary and Dale Grayson argue that determining
whether Grayson Armature has “standing” to enforce the settlement agreement is
a jurisdictional issue.  We rejected this argument in Criaco and held
that “[t]his issue is not one that affects the court’s power to make a legal
decision or enter a judgment, and it is not jurisdictional.”  Criaco,
225 S.W.3d at 898.  We further stated, “Although lawyers and courts
occasionally state informally that an entity has no ‘standing’ to enforce a
contract if that entity is not a party to the contract or a third-party beneficiary
of it, such an entity’s inability to sue goes to the merits and does not
deprive courts of jurisdiction.”  Id.  

Gary and Dale Grayson next argue that Grayson
Armature cannot enforce the settlement agreement because (1) “nothing in the
agreement indicates” Grayson Armature is a party to the settlement agreement;
and (2) Grayson Armature was not an intended third-party beneficiary of the
settlement agreement because it did not receive “any great benefit” from the
settlement agreement.  Even if it is assumed for argument’s sake that Grayson
Armature was not a party to the settlement agreement, summary judgment nonetheless
is appropriate if Grayson Armature is entitled to enforce the settlement
agreement as an intended third-party beneficiary.[1] 

There is a presumption against conferring third-party
beneficiary status on noncontracting parties.  S. Tex. Water Auth. v. Lomas,
223 S.W.3d 304, 306 (Tex. 2007) (per curiam).  In determining whether a third
party may enforce provisions of a contract between others, the intent of the
contracting parties controls.  Id.  The intent to confer a direct
benefit upon a third party must be clearly and fully spelled out before a third
party can enforce the contract.  Id.    

To determine whether Grayson Armature is a
third-party beneficiary under the settlement agreement, we must interpret the
agreement.  See MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.,
995 S.W.2d 647, 652 (Tex. 1999).  We construe
settlement agreements according to
the rules applicable to contract interpretation.  Cities
of Abilene, San Angelo, & Vernon v. Pub. Util. Comm’n, 146 S.W.3d 742,
747 (Tex. App.—Austin 2004, no pet.).  In construing a
contract, our primary concern is to ascertain the parties’ intent as expressed
in the instrument.  Seagull Energy E & P, Inc. v. Eland Energy, Inc.,
207 S.W.3d 342, 345 (Tex. 2006).  To ascertain those intentions, we examine the
entire contract in an effort to harmonize and give effect to all of its
provisions so that none will be rendered meaningless.  Id.  No single
provision should be given controlling effect, but all provisions must be
construed in reference to the whole.  Id.  When a written contract is so
worded that it can be given a certain or definite legal meaning or
interpretation, it is not ambiguous, and the court construes it as a matter of
law.  Am. Mfrs. Mut. Ins. Co. v. Schaefer, 124 S.W.3d 154, 157 (Tex. 2003).
 A contract is ambiguous when its meaning is uncertain and doubtful or is
reasonably susceptible to more than one interpretation. Heritage Res., Inc.
v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).  The court may conclude
that a contract is ambiguous in the absence of such pleading by any party.  Sage
St. Assocs. v. Northdale Constr. Co., 863 S.W.2d 438, 445 (Tex. 1993). 

In this case, the settlement agreement contains a
general release of claims that includes a release of plaintiffs’ claims to an
interest in Grayson Armature:

The parties hereby agree to release, discharge, and forever
hold the other harmless from any and all claims, demand, or suits, known or
unknown, fixed or contingent, liquidated or unliquidated, whether or not
asserted in the above case, as of this date, arising from or related to the
events and transactions which are the subject matter of this cause, including
but not limited to any claims plaintiffs may have to any interest in Grayson
Armature Large Motor Division, Inc.; Grayson Armature, Orange Texas., Inc.;
Pasadena Services, Inc.; Grayson Armature, Inc.; Grayson Small Motor; and any
and all related or associated businesses of any kind.  Also included in release
is [sic] Richard Grayson and Leon Huggins.      

The inclusion of a non-party
in a waiver or release clause indicates the parties’ intent to confer a direct
benefit on the non-party.  See Pratt-Shaw v. Pilgrim’s Pride Corp., 122
S.W.3d 825, 830-31 (Tex. App.—Dallas 2003, pet. denied); Derr Constr. Co. v.
City of Houston, 846 S.W.2d 854, 860 (Tex. App.—Houston [14th Dist.] 1992, no
writ).  The inclusion of Grayson Armature in the release of claims clause
clearly indicates the contracting parties’ intent that Grayson Armature receive
a direct benefit from the settlement agreement.  See Pratt-Shaw, 122
S.W.3d at 830-31; Derr Constr. Co., 846 S.W.2d at 860.  The settlement
agreement can be given a certain legal meaning — that Grayson Armature is a
third-party beneficiary — and is not susceptible to more than one reasonable
interpretation.   See Lomas, 223 S.W.3d at 306; Derr Constr.
Co., 846 S.W.2d at 860.  Therefore, the settlement agreement is not
ambiguous.  See Heritage Res., Inc., 939 S.W.2d at 121.   

As a third-party beneficiary, Grayson Armature is
entitled to rely upon and enforce all of the settlement agreement’s
provisions.  See Temple EasTex, Inc. v. Old Orchard Creek Partners,
Ltd., 848 S.W.2d 724, 730 (Tex. App.—Dallas 1992, writ denied). 
Accordingly, we overrule Gary and Dale Grayson’s first issue.     

II.        Mutual Mistake
and Impossibility

            Alternatively,
Gary and Dale Grayson argue that the settlement agreement cannot be enforced because
(1) “it is the product of a mutual mistake regarding their ownership of the
real property located in Pasadena that was to be conveyed as part of the
settlement;” and (2) “it is impossible for them to convey the property as
required by the settlement agreement.”  The defenses of mutual mistake and
impossibility are affirmative defenses.  Walden v. Affiliated Computer
Servs., Inc., 97 S.W.3d 303, 324 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied).  A non-movant resisting a motion for summary judgment based on an
affirmative defense must present sufficient evidence to raise a genuine issue
of material fact on each element of the defense.  Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984).  

A.               
Mutual Mistake

To establish a mutual mistake, the evidence must show
that the parties were acting under the same misunderstanding of the same
material fact.  Walden, 97 S.W.3d at 326.  A mutual mistake of fact
occurs when the parties to an agreement have a common intention, but the
written contract does not reflect the intention of the parties due to a mutual
mistake.  N. Natural Gas v. Chisos Joint Venture I, 142 S.W.3d 447, 456
(Tex. App.—El Paso 2004, no pet.).  When a party alleges mutual mistake, the
court should not interpret the language contained in the contract but should
determine whether the contract itself is valid.  See Williams v. Glash,
789 S.W.2d 261, 264-65 (Tex. 1990).  If the court determines a contract sets
out a bargain that was never made, the contract will be invalidated.  Id.
at 264.  The doctrine of mutual mistake must not routinely be available to
avoid the results of an unhappy bargain.  Id. at 265. 

Gary and Dale Grayson argue that the parties to the
settlement agreement held a mistaken belief that they owned “the real property
located in Pasadena that was to be conveyed as part of the settlement.”  They do
not argue that the settlement agreement does not accurately reflect the
intention of the parties to the settlement agreement.   Therefore, Gary and
Dale Grayson have failed to raise a genuine issue of material fact regarding their
affirmative defense of mutual mistake.  See id. at 264-65; N. Natural
Gas, 142 S.W.3d at 456. 

We overrule Gary and Dale Grayson’s second issue.

B.        Impossibility      

Gary and Dale Grayson next argue that it is
impossible for them to convey the property required in the settlement agreement
because they do not own the property.  

There are two general types of impossibility: (1)
objective; and (2) subjective Walston v. Anglo-Dutch Petroleum (Tenge)
L.L.C., No. 14-07-00959-CV, 2009 WL 2176320, at *6 n.2 (Tex. App.—Houston
[14th Dist.] July 23, 2009, no pet.) (mem. op.); Janak v. FDIC, 586
S.W.2d 902, 906-07 (Tex. Civ. App.—Houston [1st Dist.] 1979, no writ). 
Objective impossibility is impossibility that relates solely to the nature of
the promise.   See Janak, 586 S.W.2d at 906-07.  Something is
objectively impossible if “the thing cannot be done,” such as a promisor’s
inability “to perform the promise to settle [a] claim by entering an agreed
judgment in a lawsuit which had been dismissed” prior to the completion of the
agreement.   See id.; Restatement
(First) of Contracts § 455 (1932).  Subjective impossibility is
impossibility that is due wholly to the inability of the individual promissor.  See
Janak, 586 S.W.2d at 906-07.  Something is subjectively impossible if “I
cannot do it,” such as a promisor’s financial inability to pay.  See Stacy
v. Williams, 834 S.W.2d 156, 160 (Ark. Ct. App. 1992); Restatement (First) of Contracts § 455.

Objective impossibility can serve as a defense in a
breach of contract suit.  Janak, 586 S.W.2d at 906-07.  However, a party
cannot escape contract liability by claiming subjective impossibility;
subjective impossibility neither prevents the formation of the contract nor
discharges a duty created by a contract.  Walston, 2009 WL 2176320, at
*6 n.2; Janak, 586 S.W.2d at 906-07.     

Gary and Dale Grayson contracted to convey “all
right, title and interest in the land and all attachments at 1203 Witter Street
in Pasadena, Texas, including all land presently occupied by Grayson Armature
Large Motor Division, Inc., including all land noted in attached exhibit A
(marked purple).”  Gary and Dale Grayson’s performance in this case is not
objectively impossible by virtue of the nature of the promise.  Rather, their
performance is subjectively impossible because they do not have title to the property.
 Their inability to perform as promised is due wholly to their individual
inabilities, not due to the nature of the promise.  Therefore, they cannot
escape liability under the settlement agreement based on the defense of
impossibility of performance.  See Walston, 2009 WL 2176320, at *6 n.2; Janak,
586 S.W.2d at 906–07.

We overrule Gary and Dale Grayson’s third issue.

Conclusion

            We affirm the
trial court’s July 23, 2009 order granting Grayson Armature’s motion for
summary judgment.     

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Chief
Justice Hedges and Justices Yates and Boyce.









[1] In its motion for summary
judgment, Grayson Armature asserted only that it was a party to the settlement
agreement; Grayson Armature did not argue in the motion that it was a
third-party beneficiary.  Grayson Armature asserted its status as a third-party
beneficiary in its reply to the summary judgment response.  Although a trial
court cannot grant summary judgment on a ground not asserted in the movant’s
motion, any such error must be asserted on appeal.  Beathard Joint Venture
v. W. Houston Airport Corp., 72 S.W.3d 426, 436 (Tex. App.—Texarkana  2002,
no pet.); Toonen v. United Servs. Auto. Ass’n., 935 S.W.2d 937, 942
(Tex. App.—San Antonio 1996, no writ).  Gary and Dale Grayson have not raised
an issue on appeal complaining that the trial court erred in granting summary
judgment on a ground not raised in Grayson Armature’s motion for summary
judgment.  Therefore, we will consider the third-party beneficiary theory in
deciding whether summary judgment was appropriate.  See Beathard
Joint Venture, 72 S.W.3d at 436; Toonen, 935 S.W.2d at 942.