02-10-296-CV












 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-10-00296-CV

 

 


 
 
 STEVEN JEFFREY JOHNSON
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 MICHELE JEAN JOHNSON
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 342ND
DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM
OPINION[1]

----------

I.            
Introduction

         
In
one issue, Appellant Steven Jeffrey Johnson appeals the trial court’s summary judgment
and order in favor of Appellee Michele Jean Johnson.  We affirm.

II.  Factual and Procedural Background

         
On February 3, 2010, pursuant to the parties’ “Agreement Incident to Divorce,”
Steven, CEO of Cano Petroleum, Inc., executed a promissory
note (the Note) in favor of Michele in the amount of $460,000, to mature on
April 13, 2010.[2]
 At the same time, the parties executed a “Security Agreement with
Collateral Pledge and Appointment of Escrow Agent” (the Security Agreement)
listing 92,000 shares of Cano stock as security for the Note.[3]

         
In May 2010, after Steven defaulted, Michele brought suit to collect on the
Note’s overdue principal.  Steven answered with a general denial and
asserted two affirmative defenses:  (1) excuse from payment, because the
Security Agreement “modified, supplemented, or nullified” the Note; and (2)
impossibility, because at the time the Note matured, a mandatory stock-transaction
blackout period associated with Cano’s proposed merger with another firm
rendered performance impossible.  On June 22, 2010, Michele filed a motion
for summary judgment.  Steven responded, reiterating the affirmative
defenses set out above.  After a hearing, the trial court granted
Michele’s motion and issued an order awarding Michele the
principal—$460,000—plus pre- and post-judgment interest at a rate of five
percent per annum computed from April 13, 2010.  This appeal followed.

III.  Standard of Review

         
In
a summary judgment case, the issue on appeal is whether the movant
met the summary judgment burden by establishing that no genuine issue of
material fact exists and that the movant is entitled
to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  We review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315 S.W.3d
860, 862 (Tex. 2010).

         
We take as true all evidence favorable to the nonmovant,
and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801, Inc.
v. Parker, 249 S.W.3d 392, 399 (Tex. 2008); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d
211, 215 (Tex. 2003).  We consider the evidence presented in the
light most favorable to the nonmovant, crediting
evidence favorable to the nonmovant if reasonable
jurors could and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort, 289 S.W.3d at 848.  We must
consider whether reasonable and fair-minded jurors could differ in their
conclusions in light of all of the evidence presented.  See
Wal-Mart Stores, Inc. v. Spates, 186 S.W.3d 566,
568 (Tex. 2006); City of Keller v. Wilson, 168 S.W.3d
802, 822–24 (Tex. 2005).

         
If the defendant wishes to assert an affirmative defense to the motion, he must
urge the defense in his response and present sufficient evidence to create a
fact issue on each element of the defense.  See Brownlee v. Brownlee,
665 S.W.2d 111, 112 (Tex. 1984); Anglo-Dutch
Petroleum Int’l, Inc. v. Haskell, 193 S.W.3d 87,
95 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (citing Beathard Joint Venture v. W. Houston Airport
Corp., 72 S.W.3d 426, 434 (Tex. App.—Texarkana
2002, no pet.); Jones v. Tex. Pac. Indem. Co., 853 S.W.2d
791, 795 (Tex. App.—Dallas 1993, no writ)).  The non-movant is not required to prove the affirmative defense as
a matter of law; raising a fact issue is sufficient to defeat summary judgment.
 See Anglo-Dutch Petroleum, 193 S.W.3d
at 95; see also Brownlee, 665 S.W.2d at 112.

IV.  Applicable Law

A.  Collection of a
Promissory Note

         
To
collect on a promissory note, a plaintiff must establish:  (1) that the
note exists; (2) that the defendant signed the note; (3) that the plaintiff is
the owner and holder of the note; and (4) that a certain balance is due and
owing on the note.  Cadle Co. v.
Regency Homes, Inc., 21 S.W.3d 670, 674 (Tex.
App.—Austin 2000, pet. denied); see also Clark v. Dedina,
658 S.W.2d 293, 295–96 (Tex. App.—Houston [1st Dist.]
1983, writ dism’d).

B. 
Business and Commerce Code Section 3.117

         
Business and commerce code section 3.117, titled “Other Agreements Affecting
Instrument,” states in relevant part that

the obligation of a
party to an instrument to pay the instrument may be modified, supplemented, or
nullified by a separate agreement of the obligor and a person entitled to
enforce the instrument, if the instrument is issued or the obligation is
incurred in reliance on the agreement or as part of the same transaction giving
rise to the agreement.  To the extent an obligation is modified,
supplemented, or nullified by an agreement under this section, the agreement is
a defense to the obligation.

 

Tex.
Bus. & Com. Code Ann. § 3.117 (West 2002). 
“The separate agreement might be a security agreement . . . that contradicts
the terms of the instrument.”  Id. § 3.117
cmt. 1 (West Supp. 2010) (emphasis added).

         
Additionally, where two or more instruments, executed contemporaneously or at
different times, pertain to the same transaction, the instruments will be read
together, even though they do not expressly refer to each other.  Bd. of Ins. Comm’rs v.
Great S. Life Ins. Co., 150 Tex. 258, 267, 239 S.W.2d
803, 809 (1951); see also Fort Worth Indep.
Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831,
840 (Tex. 2000) (stating that it is “well-established law that instruments
pertaining to the same transaction may be read together to ascertain the
parties’ intent”).

C. 
Impossibility of Performance

         
There are two general types of impossibility:  (1) objective, and (2)
subjective.  Walston v. Anglo-Dutch Petroleum (Tenge) L.L.C., No. 14-07-00959-CV, 2009 WL 2176320, at *6 n.2 (Tex. App.—Houston [14th Dist.] July 23, 2009, no pet.) (mem. op.); Janak v.
FDIC, 586 S.W.2d 902, 906–07 (Tex. Civ.
App.—Houston [1st Dist.] 1979, no writ).  Objective impossibility
relates solely to the nature of the promise.  See Janak,
586 S.W.2d at 906–07.
 Something is objectively impossible if “the thing cannot be done,” such
as an inability “to perform the promise to settle [a] claim by entering an
agreed judgment in the lawsuit which had been dismissed” prior to the
completion of the agreement.  See Grayson v. Grayson Armature Large
Motor Div., Inc., No. 14-09-00748-CV, 2010 WL 2361432, at *5 (Tex.
App.—Houston [14th Dist.] June 15, 2010, pet. denied) (mem. op.). 
Subjective impossibility is due wholly to the inability of the individual promisor.  See id.  Something is
subjectively impossible if “I cannot do it,” such as when a promisor’s
financial inability to pay makes it impossible for the promisor
to perform.  See id.

         
Objective impossibility can serve as a defense in a breach of contract suit.
 Janak, 586 S.W.2d at 906–07.  However, a party cannot
escape contract liability by claiming subjective impossibility; subjective
impossibility neither prevents the formation of the contract nor discharges a
duty created by a contract.  See Grayson, 2010 WL 2361432,
at *5; Walston, 2009 WL 2176320, at *6 n.2; Janak, 586 S.W.2d at 906–07.

V. 
Analysis

         
Because
the parties do not dispute (1) that the Note and Security Agreement exist and
are valid, (2) that Steven executed the Note in Michele’s favor for $460,000,
(3) that Michele is the Note’s owner and holder, and (4) that Steven did not
meet his obligation when the Note matured, we conclude that Michele has met her
burden under rule 166a(c).  Thus, unless Steven
raised a fact issue supporting his affirmative defenses sufficient to defeat
Michele’s motion for summary judgment, the trial court did not err by granting
summary judgment as a matter of law for Michele.  See Brownlee, 665 S.W.2d at 112; Anglo-Dutch
Petroleum Int’l, Inc., 193 S.W.3d at 95.

         
Steven first argues that the trial court erred by granting summary judgment
because reading the contemporaneously executed Note and Security Agreement
together, as required by business and commerce code section 3.117, shows that
he relied on his ability to sell the stock to meet the terms of the Note. 
He further argues that because he could not sell the Cano stock referenced in
both the Note and the Security Agreement, he should have been relieved of his
obligation under the Note.  But Steven fails to point to, and we fail to
find, any language in the Security Agreement that contradicts the Note or shows
that the parties agreed that the Note’s obligation would be satisfied solely
from the sale of Steven’s Cano stock.  See Tex. Bus. & Comm. Code Ann. § 3.117 cmt.
1; see also Brownlee, 665 S.W.2d at 112
(holding that defendant’s asserting legal conclusion that original agreement
“was modified” was insufficient to defeat plaintiff’s summary judgment
motion).  We also find nothing extraordinary in the language of the Note
or the Security Agreement to show anything other than that the parties agreed
that Steven’s Cano stock would serve as collateral for the underlying
obligation in the same manner that collateral generally serves to secure the
performance of an outstanding obligation.  In fact, the Security Agreement
provides that Steven had “the right at any time to substitute certificates of
deposit” in place of the Cano stock as security for the Note, thus, the terms
of the instrument itself directly contradict Steven’s assertion that the
parties intended that only his Cano stock be used to satisfy his obligation
under the Note.  We, therefore conclude that Steven failed to raise a fact
issue relative to his section 3.117 defense sufficient
to defeat Michele’s motion for summary judgment.

         
Steven next argues that the trial court erred by failing to excuse his
performance because it was impossible for him to sell his Cano stock.
 Steven relies on Centex Corp. v. Dalton, 840 S.W.2d
952 (Tex. 1992), to support his argument.  However, in Centex, the
supreme court found that a cease-and-desist order issued by a regulatory agency
endowed with appropriate legal authority made it illegal for Centex to perform
(to pay Dalton) under the agreement.  Id. at 954. 
Here, the stock-sale moratorium Steven claims made his performance impossible
did not make payment to Michele illegal; rather it simply temporarily impacted
Steven’s ability to sell the stock[4]—an
asset that he could have used, but was not required to use, to satisfy his
obligation.  See Huffines
v. Swor Sand & Gravel Co., Inc., 750 S.W.2d 38, 40 (Tex. App.—Fort Worth 1988, no writ) (“Texas
courts have held contractual obligations cannot be avoided simply because the
obligor’s performance has become more economically burdensome than
anticipated.”).  And, because we conclude above that the Cano stock
was not the exclusive method for Steven to satisfy his obligation, and because
Steven did not raise any other argument to show that his performance under the
Note was impossible, his claim of subjective impossibility does not excuse his
performance under the Note, and he has failed to raise a fact issue supporting
his affirmative defense of impossibility.  See Grayson, 2010
WL 2361432, at *5–6; Walston, 2009 WL 2176320,
at *6 n.2; Janak,
586 S.W.2d at 906–07.

         
Accordingly, because he failed to raise a fact issue
on each element of his affirmative defenses sufficient to defeat Michele’s motion
for summary judgment, we overrule Steven’s sole issue.

VI.  Conclusion

         
Having
overruled Steven’s sole issue, we affirm the trial court’s summary judgment and
final order.

 

 

 

BOB MCCOY
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; MCCOY and GABRIEL, JJ.

 

DELIVERED:  August 4,
2011




 

 

 

 

ATTACHMENT
TO 2-10-296-CV, JOHNSON V. JOHNSON

 

 

NOTE
AND SECURITY AGREEMENT REFERENCED IN FOOT NOTE 2

 

 

 

***Please
note that scanned page 18, a title page, was intentionally omitted.***














 
















[1]See Tex. R. App. P. 47.4.





[2]Although
executed in February 2010, the Note was originally drafted on April 13, 2007,
and called for quarterly interest payments on the principal beginning on May 1,
2007.

 





[3]The
Note and Security Agreement are appended to the end of this opinion.





[4]Steven
implies that it was illegal for him to sell his Cano stock, but he cites no
regulatory authority in his brief and supported his assertion in the trial
court only with an internal Cano memorandum that imposed a trading moratorium
on Cano stock due to the proposed merger.  Although the memorandum did not
state that trading Cano stock was illegal during this period, it required
employees desiring to trade Cano stock during the blackout period to consult
with Cano’s chief financial officer or corporate secretary and general
counsel.  But, even if it was illegal for Steven to sell the Cano stock
during the blackout period, it would not change the outcome of this appeal.