CITY OF GALVESTON ET AL. v. E. B. KENNER.

No. 3026.    Decided May 3, 1922.

(240 S. W., 894.)

1.—City—Water Supply.

A city undertaking to furnish water to its inhabitants and controlling their water supply incurs the same obligation to supply impartially all within reasonable reach of its pipes as would a public service corporation undertaking a like service. (P. 488).

2.—Same—Meters—Separate Tenants Occupying Parts of Same Building.

A city ordinance regulating the supplying of water which denied connection and service to a tenant not having possession and control of the entire building, and, where separate stores, etc., were rented to different tenants, permitted only one connection and meter for the building, requiring the owner to pay for all water furnished through same, was unreasonable and void. The city could in such case be compelled by mandamus to furnish connections and meters, on payment therefor, for each of such tenants. (Pp. 486-488).

3.—Same.

Such ordinance is unreasonable and void in that it denies to the tenant the right to water unless he is in possession of the entire building; also in that it denies to the owner the right to erect and own buildings for rental purposes unless he shall, in addition to the usual burdens incident to the ownership of property, assume and discharge the additional obligation of paying the water rents of his tenants. City of Houston v. Lockwood Inv. Co., 144 S. W., 685, and other cases, approved and followed. (P. 489).

Error to the Court of Civil Appeals for the First District, in an appeal from Galveston County.

Kenner sued the City of Galveston and its Board of Commissioners for mandamus to compel the furnishing of water connections. Plaintiff prevailed and the judgment was affirmed on appeal by defendants (193 S. W., 208) who then obtained writ of error.

*Mart H. Royston,* City Attorney, and *P. A. Drouilhet,* Assistant, for plaintiff in error.

The petition showing on its face that the premises were already supplied with water by the defendant, mandamus will not lie to com-

pel defendant to make connections to suit the convenience of the owner of the property. Nogales Water Co. v. Neumann, 100 Pac., 794; Bourke v. Alcott Water Co., 33 L. R. A. (N. S.) 1015.

The only persons who have a right, if any, to apply for a mandamus to compel the City to furnish separate water connection and meter are those who are to get the benefit of such service. Relator cannot compel, by mandamus, defendants to furnish third parties with water connection and meters when said parties themselves have not made application therefor. Nogales Water Co. v. Neumann, 100 Pac., 794.

The relator, being charged for all the water registered by the meter furnished him by respondents, could accurately pro-rate the amount used by each tenant by tapping the meter already in use and himself installing a separate meter in each tenement. Dillon on Municipal Corporations, 5th Ed., Sec. 1317.

Respondents being authorized by law to provide, construct, establish, maintain, operate and regulate a system of waterworks, and adopt rules and regulations for the management of the water works and prescribe the mode and manner of construction of the service pipes, alley laterals and house connections with the water mains, was vested by law with the right to pass an ordinance prohibiting the installation of more than one service line and meter for any one house or building. The reasonableness of an ordinance must be tested by the reasons that controlled its adoption. Kelsey v. Marquette Fire and Water Commissioners, 113 Mich., 215; 37 L. A. R., 675; 71 N. W., 589. Cox v. Cynthiana, 123 Ky., 363; 96 S. W., Rep., 456. Dillon on Municipal Corporations, 5th Ed., Sec. 1317.

The ordinance, being within the powers granted respondents, is not void, and being a necessary restriction for the proper management and protection of the city's water works department, is not unreasonable.

Cox v. Cynthiana, 123 Ky., 363; 96 S. W., 456. East Grand Forks v. Luck, 6 L. R. A. (N. S.) p. 198; City of Atlanta v. Burton, 90 Ga., 486; 16 S. E. Rep., 215; Dillon on Municipal Corporations, 5th, Ed., Sec. 1317.

The manner in which the water is to be distributed among the various rooms or stores of a building is not within the province of defendants, and it is not an obligation or duty of defendants to furnish water wheresoever the owner or tenant of a building desires it to be piped.

Kelsey v. Marquette Fire and Water Commissioners, 113 Mich., 215; 37 L. R. A., 675; 71 N. W., 589.

The Court erred in granting plaintiff a writ of mandamus because the power to make rules and regulations regarding the management of the water works system of the City of Galveston is, by charter, vested in the Board of Commissioners of the City of Galveston, and

such rules and regulations as promulgated by the ordinance of March 5th, 1914, are not shown to be unjust, discriminating or unreasonable.

Cox v. Cynthiana, 123 Ky., 363; 96 S. W. Rep., 456. Kelsey v. Marquette Fire and Water Commissioners, 113 Mich., 215; 37 L. R. A., 675; 71 N. W., 589.

*Stewarts*, for defendant in error.

The appellants in undertaking to furnish water to the inhabitants of Galveston are obligated in the reasonable performance of such duty to measure by separate and distinct meter the water used by each of those tenants of appellee occupying separate and distinct tenements or store houses in the same structure or building; and in so far as the ordinance of March 5, 1914, undertakes to deny this service to such inhabitants it is unreasonable and void.

City of Houston v. Lockwood Inv. Co., 144 S. W., 685. Farmer v. Mayor, 156 S. W., 189. State v. Butte, 18 Mont., 199; 44 Pac., 966. Title 25, Chap. 1, Art. 1119. City Water Co. v. State, 33 S. W., 259; 93 Tex., 681.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This is an action for mandamus, instituted by defendant in error, E. B. Kenner, against the City of Galveston and the members of its Board of Commissioners, to compel them to establish direct, separate water service to distinct apartments in a building located in the city belonging to the defendant in error. The mandamus was awarded by the trial court; upon appeal by plaintiffs in error the judgment was affirmed by the Court of Civil Appeals (193 S. W., 208), and writ of error was granted by this Court.

The trial judge filed conclusions of fact as follows:

"Dr. Kenner owns two lots in the city at the Northwest corner of Twenty-fifth and Postoffice Streets, 120 feet on Twenty-fifth Street and 42-11/12 on Postoffice Street. He first put up the building on the alley used as a theatre. The City installed a water meter in it at his request. There is no complaint as to this. He afterwards constructed a double brick building on the rest of the lot, dividing it into five or six store houses or shops, and adapting the upper part for use as a hotel. The premises have ever since been so rented and are now so occupied by his tenants. The City has installed but one water meter for this entire double brick building and refuses to install more, though requested both by Dr. Kenner and his tenants. Any expression of willingness on the part of the City to install other meters in the evidence refers merely to tapping the meter already in use and not to meters connecting with the mains. Such meters would not afford the relief required, for the City still insists on its right in such case to look exclusively to the owner and to collect for the whole

amount of water used from him, leaving him to reimburse himself, *pro tanto*, from his several tenants—any one of whom by allowing water to run wastefully might thus impose a burden on him over which he would have no control. Under present conditions, tenants all agreeing to pay water rates, he simply has to divide up arbitrarily the whole amount between them, naturally causing great dissatisfaction and rendering the premises undesirable to tenants. The system always pursued in Galveston previous to the time the ordinance of March 5, 1914, went into effect, was that of furnishing meters to all tenants of distinct tenements, reading the meters and collecting directly from the occupants.''

The City of Galveston owns and operates the only water-works system in the city, which system is the only source of water supply.

The undisputed testimony of Dr. Kenner shows that his property, located in the City of Galveston, consists of one two-story brick building, the upper story of which, consisting of twenty-nine rooms, is rented as a hotel, while in the lower story there are five different apartments or places of business, two of which are occupied by restaurants, one by a drugstore (with a soda fountain), and the remaining two by a shoe-shop and a saloon, respectively. These five stores and the hotel are supplied with water through one meter.

It is apparent from the foregoing that the uses made by the respective tenants of the various separate stores, and that portion of the building used as a hotel, require varying quantities of water for each tenant. The evidence shows that under the system now in vogue it is almost impossible for the owner to handle his property, that it creates confusion between him and his tenants, and between the tenants themselves.

The purpose of this suit is to require the City of Galveston to install a separate and distinct meter and water service for each of the stores and for the hotel. The defendant in error requested the installation of this service, but plaintiffs in error declined to comply with this request, although defendant in error offered to pay them therefor. The refusal of the City was predicated on an ordinance adopted by it on March 5, 1914. That portion of the ordinance involved in this proceeding is Section 7, which reads as follows:

''Sec. 7. A connection may be made and water service may be furnished upon application of the tenant of a house or building only when the tenant has possession and control of the entire house or building so supplied with water. If a house or building is occupied by several tenants, the connection shall be made and water service furnished only upon application of the owner thereof, who shall pay for all water furnished and supplied to such house or building; and in no case shall more than one service line and meter be installed for any one house or building; provided that when water service is furnished to the tenant of any house or building the owner thereof shall

nevertheless be responsible to the City of Galveston for the payment by such tenant for all water furnished and supplied to him.''

This Section of the ordinance, when analyzed, discloses the following: (a) Water service will not be furnished upon the application of a tenant, unless the tenant has possession and control of the entire house or building so supplied with water; (b) if the house or building is occupied by several tenants, the connection and water service is to be furnished only upon application of the owner, who is required to pay for all water furnished and supplied to such house or building; (c) in no case will more than one service line and meter be installed for any house or building; (d) when water service is furnished to the tenant of any house or building, the owner is nevertheless made responsible to the City for the payment by such tenant for all the water supplied.

Upon the case made in the court below, and thus briefly stated, the trial judge concluded as a matter of law: (1) That the City of Galveston, in undertaking to furnish water to the inhabitants thereof, subjected itself to the same liabilities in its relation to them growing out of the service that a private corporation so engaged would do; (2) that one of these obligations or duties is, upon proper request, to meter the water used by tenants occupying distinct tenements or storehouses (as in the instant case), read the meters, and collect directly from the tenants; (3) that in so far as the ordinance to which we have referred undertakes to deny this service to the inhabitants of Galveston, it is unreasonable and void.

We concur with these conclusions of law, and the Court of Civil Appeals did not err in affirming the judgment of the trial court awarding the mandamus. Our reasons for this conclusion will now be stated.

In so far as the consumption of water is concerned, it is immaterial, in considering the rights of the consumer, whether the supply be furnished by a municipality or a public service corporation. As a general rule, the obligations to the consumer are the same in either case. It is the duty of the organization supplying the water to supply same impartially to all reasonably within the reach of its pipes and mains. This service must be given without discrimination between persons similarly situated or under circumstances substantially the same. Water must be furnished to all who apply therefor, offer to pay the rates, and abide by such reasonable rules and regulations as may be made a condition for rendering the service. The company, or, as in the instant case, the City, cannot escape from its duty to furnish an applicant on demand, merely because the applicant is already in receipt of a supply indirectly through the medium of another. The owner or occupant of a building has the right to deal directly with the City for his supply of water. Dillon's Municipal corporations, 5th Ed., Vol. 3, § 1317.

The effect of the ordinance in question in this case is to deny to a tenant the right to water in the City of Galveston, unless he is in possession of an entire building. In this respect the ordinance violates the general rule we have just stated, and is clearly unreasonable and discriminatory.

The ordinance also denies the right of any one to erect or own buildings in Galveston for rental purposes, unless the owner shall, in addition to the usual burdens incident to the ownership of property, assume and discharge the additional obligation of paying the water rents of his tenants. Under our form of government the ownership of property cannot be thus penalized. The ordinance in this respect is plainly unreasonable and void. City of Houston v. Lockwood Investment Co., 144 S. W., 685; 27 R. C. L., 1454, § 70; Farmer v. Mayor and City Council of Nashville, 127 Tenn., 509, 45 L. R. A. (N. S.) 240, 156 S. W., 189; State of Montana ex rel. Milsted v. Butte City Water Co., 18 Mont., 199, 56 Am. St., 574, 44 Pac., 966, 32 L. R. A., 697; Frederick C. Bourke v. Olcott Water Co., 84 Vt., 121, 78 Atl., 715, 33 L. R. A. (N. S.), 1015; City of Chicago v. Northwestern Mutual Life Ins. Co., 218 Ill., 40, 75 N. E., 803, 1 L. R. A. (N. S.), 770; Turner v. Revere Water Company, 171 Mass., 329, 40 L. R. A., 657, 68 Am. St., 432, 50 N. E., 634.

We have carefully examined all the assignments of error, and find no merit in any of them.

The judgment of the Court of Civil Appeals and of the trial court is accordingly affirmed.

*Affirmed.*