**SABINE OFFSHORE SERVICE, INC., Appellant,**

v.

**The CITY OF PORT ARTHUR et al., Appellees.**

**No. 8239.**

Court of Civil Appeals of Texas, Beaumont.

March 15, 1979.

Rehearing Denied April 5, 1979.

Harry P. Wright, Port Neches, for appellant.

George B. Wikoff, Port Arthur, James L. Weber, Beaumont, for appellees.

DIES, Chief Justice.

On May 15, 1978, the City of Port Arthur, a home rule city, annexed a certain area which included the territory comprising the Jefferson County Fresh Water Supply District No. 1. Thereafter Port Arthur abolished the water district and assumed its assets, liabilities, and responsibilities. One of its water customers in the Sabine Pass area is Sabine Offshore Service, Inc., a company which services offshore drillers, including selling them large amounts of water obtained from Port Arthur. The Sabine Pass area was experiencing water shortages and inadequate pressures; so, in August 1978 the Port Arthur City Council ordered that Sabine Offshore Service, Inc. (and other Sabine Pass industries providing potable water for offshore use) could take water only on alternate days.

On August 21, 1978, Sabine Offshore presented its Petition for Writ of Mandamus to the District Court alleging that the water policy discriminated against Sabine Offshore. The District Court agreed, and the writ was issued August 31, 1978. On September 14, 1978, the City of Port Arthur adopted a proportionate use plan. Under this plan, offshore service industries could "draw water during certain distinct times. proportionate to their historical usage. . . ." Under this plan, Sabine Offshore may draw all the water it needs but must not take any from 4:00–12:00 a. m.

Following the adoption of this new plan, the District Court on September 20, 1978, dissolved the Writ of Mandamus and dismissed the cause. It is from this order Sabine Offshore brings this appeal contending in one point of error that "[t]he Trial Court erred in dissolving its temporary Writ of Mandamus and dismissing the appellant's cause of action because the City of Port Arthur, Texas, is under a duty to supply water to Appellant, and the Trial Court found, which finding is supported by the great weight of the evidence, that the Appellees acted in an arbitrary, capricious and discriminatory manner in adopting its policy that rationed water to the Appellant."

When Port Arthur annexed Sabine Pass, it assumed the responsibility of providing water to all users within the territory but only if the demand for such water is reasonable and within its capacity. *Allen v. Park Place Water, Light & Power Co.*, 266 S.W. 219, 222 (Tex.Civ.App.—Galveston 1924, writ ref'd). A municipality may refuse to supply water in the amount requested provided its decision is not discriminatory. 12 E. McQuillian, *Municipal Corporations* § 35.-35 at 472 (3rd ed. 1970). *Wiggins v. City of Texarkana*, 239 S.W.2d 212 (Tex.Civ.App.—Texarkana 1951), aff'd 151 Tex. 100, 246 S.W.2d 622 (1952); 60 Tex.Jur.2d *Waters* § 357 (1964). *City of Galveston v. Kenner*, 111 Tex. 484, 240 S.W. 894 (1922). The furnishing of water is a legislative function,

and a court must not interfere or regulate the exercise of this power [*Tex.Rev.Civ. Stat.Ann. § 1175(11)* (Vernon 1963)] unless the city is discriminatory. *Davis v. City of Taylor*, 123 Tex. 39, 67 S.W.2d 1033 (1934); see *Williams v. Sorrell*, 71 S.W.2d 944 (Tex. Civ.App.—San Antonio 1934, no writ).

If there is a differentiation in treatment, the municipality must show a reasonable basis for the difference. *City of Texarkana v. Wiggins*, 151 Tex. 100, 246 S.W.2d 622 (1952).

The evidence shows here that the water pressure at times in Sabine Pass is much lower than the minimum recommended by the Department of Health, and so low in fact toilets in the schools would sometimes not flush. All offshore service companies are treated the same in the present plan. The City has hired an engineering firm to recommend a proper method to alleviate the shortage. It (the City) has this discretion. See *Kimbrough v. Walling*, 371 S.W.2d 691 (Tex.1963); *Bright v. City of Corpus Christi*, 172 S.W.2d 763 (Tex.Civ. App.—San Antonio 1943, no writ); *Webb v. Dameron*, 219 S.W.2d 581 (Tex.Civ.App.— Amarillo 1949, writ ref'd n. r. e.). Finding no discrimination to appellant, we overrule appellant's point of error and affirm the trial court's order.

AFFIRMED.