Romeo L. LOMAS and W.A.T.E.R., A Private Non–Profit Association, Appellants,

v.

SOUTH TEXAS WATER AUTHORITY a/k/a South Texas Water Authority Industrial Development Corporation, Appellee.

No. 13–03–00329–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 28, 2005.

Rehearing Overruled Aug. 25, 2005.

Jon R. Alworth, Alworth & Ford, Brownsville, Jaime E. Carrillo, Carrillo Law Office, Kingsville, for Appellant.

Mike Willatt and Bill Flickinger, Willatt & Flickinger, Austin, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## MEMORANDUM OPINION

Memorandum Opinion by Justice HINOJOSA.

Appellants, Romeo L. Lomas ("Lomas") and W.A.T.E.R.,[1] a private non-profit association, appeal from the trial court's order granting the motion for summary judgment of appellee, South Texas Water Authority ("STWA"). In their suit against STWA, appellants sought a declaratory judgment and damages for the breach or intentional misapplication of a water supply contract between the City of Kingsville, Texas and STWA. In its motion for summary judgment, STWA asserted that appellants did not have standing to receive the relief sought and were not third-party beneficiaries of the contract. In five issues, appellants contend the trial court erred in granting the motion. We affirm in part and reverse and remand in part.

The issues of law presented by this case are well settled and the parties are familiar with the facts. Therefore, we will not recite the law and facts here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX.R.APP. P. 47.4.

### A. STANDARD OF REVIEW

We review the granting of a motion for summary judgment de novo. *See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank–Rio Grande Valley v. Correa,* 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). For summary judgment to be proper, the evidence must establish as a matter of law that there is no genuine issue of material fact as to any of the essential elements of the plaintiff's cause of action or that the defendant has conclusively established all elements of an affirmative defense. *Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996); *Crain v. Smith,* 22 S.W.3d 58, 59 (Tex.App.-Corpus Christi 2000, no pet.). In deciding whether to sustain a summary judgment, we accept all evidence favorable to the non-movant as true, and make all reasonable inferences and resolve all doubts in the non-movant's favor. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997); *see also Mission Consol. Indep. Sch. Dist. v. Flores,* 39 S.W.3d 674, 676 (Tex.App.-Corpus Christi 2001, no pet.) (noting that for purposes of standing we take as true all allegations made in pleadings).

1. Citizens for Water Acquired Through Equal Rates.

## B. STANDING

■ In their fourth issue, appellants contend they have standing to maintain this action. In order to establish standing, a party must demonstrate some interest peculiar to himself individually and not solely as a member of the general public.[2] *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555–56 (Tex.2000); *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex.1984). As a general rule, a person has standing to sue if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the wrongful act of which he complains; (2) he has a direct relationship between the alleged injury and claim sought to be adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused the plaintiff some injury in fact, either economic, ethic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own interest. *Associated Gen. Contractors, Inc. v. City of Corpus Christi*, 694 S.W.2d 581, 581–82 (Tex.App.-Corpus Christi 1985, no writ).

### 1. *Lomas*

We first address whether Lomas, an individual member of W.A.T.E.R., has standing to sue in his individual capacity. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 447. Lomas asserts he is a citizen and taxpayer of the City of Kingsville and a regulated ratepayer of STWA. Appellants allege that pursuant to the breach or misapplication of the water supply contract, ratepayers residing in Kingsville bear a disproportionate and discriminatory percentage of the oper-

ating expenses and remaining debt service of STWA than users residing in other municipal districts within the boundaries of STWA, resulting in actual economic harm. Appellants further assert that there is no reasonable rationale for the disparate treatment and there is no economic difference to STWA in obtaining and providing water, nor is there a difference in the value of the service provided to the residents of Kingsville versus residents of other areas.

■ When an organization assumes the role of supplying water to consumers, it has a duty to supply the water "impartially to all reasonably within the reach of its pipes and mains. This service must be given without discrimination between persons similarly situated or under circumstances substantially the same." *City of Galveston v. Kenner*, 111 Tex. 484, 240 S.W. 894, 895 (Tex.1922); *see also City of Texarkana v. Wiggins*, 151 Tex. 100, 246 S.W.2d 622, 624 (Tex.1952) (stating that an organization engaged in providing a utility service "may not discriminate in charges or service as between persons similarly situated."). Accepting as true all allegations made by appellants, we conclude that Lomas, an individual member of W.A.T.E.R., has shown a peculiar interest that sufficiently sets himself apart from the public at large and establishes standing to maintain suit. Accordingly, that part of appellants' fourth issue relating to Lomas's claims against STWA is sustained.

### 2. *W.A.T.E.R.*

■ W.A.T.E.R. is a private non-profit association established by citizens of

---

2. In Texas, the exception to this general rule is that "a taxpayer has standing to sue in equity to enjoin the illegal expenditure of public funds, even without showing a distinct injury." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 556 (Tex.2000). STWA argues that appellants do not meet this exception because no portion of the funds expended have been or are to be raised by taxation. However, because we conclude that appellants have shown a peculiar interest sufficient to establish standing, we hold it is not necessary to address this issue.

Kingsville for the purpose of protecting the interests of its members in achieving equal and fair treatment as ratepayers of STWA. To establish associational standing for W.A.T.E.R. to sue on behalf of its members, the record must show that (1) W.A.T.E.R. members would otherwise have standing to sue in their own right, (2) the interests W.A.T.E.R. seeks to protect are germane to its organizational purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 447 (Tex.1993) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)); *see also Lake Medina Conservation Soc'y v. Tex. Natural Res. Conservation Comm'n*, 980 S.W.2d 511, 515 (Tex.App.-Austin 1998, pet denied).

We have already determined that Lomas, an individual member of W.A.T.E.R., has standing to sue on his own behalf. Therefore, W.A.T.E.R. meets the first requirement to have associational standing.

We next look to whether the interests W.A.T.E.R. seeks to protect are germane to its organizational purpose. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 447. This suit was brought for the purpose of achieving equality in the percentage of costs borne by all ratepayers of STWA. W.A.T.E.R. was formed specifically for the purpose of asserting and protecting this interest. We conclude that W.A.T.E.R.'s interest in this suit is germane to its organizational purpose.

Finally, W.A.T.E.R. must show that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *See id.* W.A.T.E.R. seeks relief in the form of both (1) a declaratory judgment determining the proper construction of the water supply contract, particularly sections 3(a) and 3(b) dealing with prices and terms, and a determination of the rights and liabilities of the parties, and (2) money damages for overcharges paid by residents of the City of Kingsville.

Whether an association has standing to bring suit on behalf of its members "depends in substantial measure on the nature of the relief sought." *Tex. Ass'n of Bus.*, 852 S.W.2d at 448 (citing *Hunt*, 432 U.S. at 343, 97 S.Ct. 2434). If the association seeks "a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id.* However, an association "should not be allowed to sue on behalf of its members when the claim asserted requires the participation of the members individually rather than as an association, such as when the members seek to recover money damages and the amount of damages varies with each member." *Id.* at 447.

Because W.A.T.E.R. alleges no economic damage to itself nor any assignment of the damages claims of its members, the association itself is not entitled to any monetary damage award. *See Warth v. Seldin*, 422 U.S. 490, 515, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *see also Dep't of Hous. & Urban Dev. v. Nueces County Appraisal Dist.*, 875 S.W.2d 377, 379 (Tex. App.-Corpus Christi 1994, no writ) (noting that to have standing a plaintiff must have a personal stake in the outcome of the controversy). Further, while the aggregate amount of damages can be calculated based on statistical data and would not require the examination of individual ratepayers, the amount of damages shared by individual ratepayers varies and would require "individualized proof." *Warth*, 422 U.S. at 515–16, 95 S.Ct. 2197; *see also Tex.*

*Ass'n of Bus.*, 852 S.W.2d at 448. Therefore, to obtain relief in the form of damages, each member alleging damages would have to be a party to the suit. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 448; *see also Warth*, 422 U.S. at 516, 95 S.Ct. 2197. We hold that W.A.T.E.R. does not have standing to seek damages on behalf of its members. Therefore, that part of appellants' fourth issue relating to W.A.T.E.R.'s claim for damages is overruled.

 The declaratory judgment sought by W.A.T.E.R., however, constitutes prospective relief. To obtain such relief, it is not necessary to prove the individual circumstances of its members. We hold that W.A.T.E.R. meets all three requirements and has proper associational standing to pursue a declaratory judgment. Accordingly, that part of appellants' fourth issue relating to W.A.T.E.R.'s suit for declaratory judgment is sustained.

### C. THIRD-PARTY BENEFICIARIES

 In their second issue, appellants assert that they are third-party beneficiaries of the contract between STWA and the City of Kingsville. A third party may recover on a contract made between other parties only if the parties intended to secure a benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit. *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex.2002); *MCI Telecomm. Corp. v. Tex. Util. Elec. Co.*, 995 S.W.2d 647, 651 (Tex.1999). A court will not create a third-party beneficiary contract by implication; the contract must clearly and fully express an intent to confer a direct benefit to a third party. *Stine*, 80 S.W.3d at 589; *MCI*, 995 S.W.2d at 651. Third parties who only receive an incidental benefit do not have a right to enforce a contract. *Stine*, 80 S.W.3d at 589; *MCI*, 995 S.W.2d at 651. A party is a "creditor" beneficiary to a contract, and therefore an intended third-party beneficiary, if performance under the contract "will come to him in satisfaction of a legal duty owed to him by the promisee." *MCI*, 995 S.W.2d at 651 (citing 1 WILLISTON ON CONTRACTS § 356 (3d ed.1959)); *see also Stine*, 80 S.W.3d at 589. This legal duty may be an indebtedness, contractual obligation, or other legally enforceable commitment owed to the third party. *See MCI*, 995 S.W.2d at 651.

 We agree with STWA that the contract is not ambiguous with respect to its application to third-parties.[3] Therefore, the construction is a question of law for the court. *See id.* at 650–51; *DeWitt County Elec. Co-op., Inc. v. Parks*, 1 S.W.3d 96, 100 (Tex.1999). In construing a written instrument, our primary concern is to ascertain the true intent of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). To determine the parties' intent, we must examine the entire agreement and give effect to all provisions, so that none are rendered meaningless. *See Stine*, 80 S.W.3d at 589; *MCI*, 995 S.W.2d at 652. Further, "[u]nder generally accepted principles of contract interpretation, all writings that pertain to the same transaction will be considered together, even if they were executed at different times." *DeWitt County Elec. Coop.*, 1 S.W.3d at 102 (citing RESTATEMENT (SECOND) OF CONTRACTS § 202(2) (1981)).

 STWA is a conservation and reclamation district created by the legislature pursuant to Article XVI, Section 59 of the Texas Constitution. *See* TEX. CONST.

---

3. Because the interpretation and effect of the sections of the contract dealing with rates and pricing were not raised by STWA's motion for summary judgment, we express no opinion as to whether they are ambiguous.

art. XVI § 59(b) (Vernon 1993). "A district created under this section of the constitution has only those powers expressly granted by statute." *Harlingen Irrigation Dist. Cameron County No. 1 v. Caprock Communications Corp.*, 49 S.W.3d 520, 536 (Tex.App.-Corpus Christi 2001, pet. denied).

STWA's enabling legislation states that its purpose is:

> for the benefit of the people of this state and for the improvement of their properties and industries, and [STWA], in carrying out the purposes of this Act, will be performing an essential public function under the constitution.

South Texas Water Authority, 66th Leg., R.S., ch. 436, § 22, 1979 Tex. Gen. Laws 995. The enabling legislation grants STWA powers "to enter into and enforce contracts" for any purpose relating to its powers and specifically authorizes the cities of Agua Dulce, Bishop, Driscoll, and Kingsville to enter into contracts with STWA for any purpose relating to its powers or functions. South Texas Water Authority, 66th Leg., R.S., ch. 436, §§ 9(a)–9(b), 1979 Tex. Gen. Laws 989.

The water supply contract between STWA and the City of Kingsville specifically states that it is entered into pursuant to STWA's enabling legislation which requires STWA to act for the benefit of the people it serves. Further, the preamble states, in part:

> WHEREAS [STWA] is constructing a water transmission line from the City of Corpus Christi, to furnish treated water to be sold to municipal and industrial customers ... [STWA] agrees to sell and City [of Kingsville] agrees to purchase water under the terms and conditions and for the considerations hereinafter set forth.

Taking into account both the language of the contract and the legislation to which STWA is subject, we hold that the contract clearly and fully expresses the intent that the residents of Kingsville be third-party beneficiaries of the water supply contract entered into by and between STWA and the City of Kingsville. Appellants' second issue is sustained.

### D. CONCLUSION

We hold the trial court did not err in granting that part of STWA's motion for summary judgment regarding W.A.T.E.R.'s claim for damages. We hold the trial court erred in granting the rest of STWA's motion for summary judgment. In view of our disposition of appellants' second and fourth issues, it is unnecessary to address the remaining three issues. *See* TEX.R.APP. P. 47.1.

We affirm only that part of the trial court's summary judgment regarding W.A.T.E.R.'s claim for damages. We reverse the remainder of the trial court's summary judgment and remand the case to the trial court for further proceedings consistent with this opinion.