SOUTH TEXAS WATER AUTHORITY a/k/a/ South Texas Water Authority Industrial Development Corporation, Petitioner,

v.

Romeo L. LOMAS and Citizens for Water Acquired Through Equal Rates, Respondents.

No. 05–0855.

Supreme Court of Texas.

April 27, 2007.

Mike Willatt, William P. Flickinger, Willatt & Flickinger, Austin, for Petitioner.

Jon R. Alworth, Attorney At Law, Brownsville, for Respondents.

PER CURIAM.

Romeo L. Lomas, individually, and other City of Kingsville residents organized as a private non-profit association under the name WATER,[1] brought this declaratory-judgment and damages action against South Texas Water Authority (STWA) challenging operating expenses charged

---

**1.** Citizens for Water Acquired Through Equal    Rates.

under a water-supply contract with the City. Finding neither plaintiff had standing, the trial court granted summary judgment in STWA's favor. The court of appeals reversed in part, holding that Lomas had individual standing to pursue monetary and declaratory relief, WATER had associational standing to pursue declaratory relief, and both parties had standing as third-party beneficiaries of the water-supply contract. 223 S.W.3d 389, 2005 WL 1797003. We disagree, and reverse the court of appeals' judgment.

STWA constructed a water-transmission line from the City of Corpus Christi to furnish treated water to municipal and industrial customers in a portion of South Texas, and in 1981 entered into a contract with the City of Kingsville for that purpose. Lomas and WATER contend the rates charged under the contract are excessive and discriminatory, causing Kingsville ratepayers to bear a disproportionate percentage of the operating expense of service compared to users residing in other municipal districts that STWA services. Lomas and WATER assert standing as third-party beneficiaries of the water-supply contract, claiming the contract was intended to provide a direct benefit to the citizens of Kingsville.[2] WATER additionally asserts associational standing, and both Lomas and WATER contend they have standing to bring suit as consumers and taxpayers. We hold that the plaintiffs fail to meet the requirements necessary to establish standing under any of these theories.

▪ First, there is a presumption against conferring third-party-beneficiary status on noncontracting parties. *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex.1999). In deciding whether a third party may enforce or challenge a contract between others, it is the contracting parties' intent that controls. *See Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503–04 (Tex.1975). The intent to confer a direct benefit upon a third party "must be clearly and fully spelled out or enforcement by the third party must be denied." *MCI Telecomms. Corp.*, 995 S.W.2d at 651. Incidental benefits that may flow from a contract to a third party do not confer the right to enforce the contract. *Id.* at 652. A third party may only enforce a contract when the contracting parties themselves intend to secure some benefit for the third party and entered into the contract directly for the third party's benefit. *Id.* at 651; *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex.2002). To qualify as one for whose benefit a contract was made, the third party must benefit more than incidentally; he must be either a donee or creditor beneficiary. *MCI Telecomms. Corp.*, 995 S.W.2d at 651. A person is a donee beneficiary if the performance promised will come to him as a pure donation. *Id.* If performance will come to satisfy a duty or legally enforceable commitment owed by the promisee, then the third party is considered a creditor beneficiary. *Id.*

▪ In this case, the water-supply contract provides that STWA agrees to sell, and the City of Kingsville agrees to purchase, water under the contract's terms and conditions. The contract does not mention Lomas, WATER, or residents of the City of Kingsville in general other than to specify the water's intended use for sale to municipal and industrial customers. The mere description of a product's intended use cannot confer third-party-bene-

---

**2.** As Lomas and WATER filed no response to STWA's petition for review or brief on the merits despite our request that they do so, we recount arguments that they made in their briefs to the court of appeals.

ficiary status on intended users, and there is nothing more in the contract itself upon which third-party-beneficiary status might be based. The court of appeals implicitly recognized as much by looking beyond the contract's terms to find the intended-benefit element in STWA's enabling legislation. 223 S.W.3d at 394–95, 2005 WL 1797003, at *5. That legislation describes STWA's purpose to be "for the benefit of the people of this state and for the improvement of their properties and industries, and [STWA], in carrying out the purposes of this Act, will be performing an essential public function under the constitution." *Id.* (quoting 66th Leg., R.S., ch. 436, § 22, 1979 Tex. Gen. Laws 995). In this language, and the water-supply contract's reference to STWA's statutory powers, the court of appeals found the requisite intent to confer a third-party benefit upon residents of the City of Kingsville.

▆▆▆ It is true that the Legislature, in creating STWA as a conservation and reclamation district, intended generally to benefit the people of this state, as presumably it intends with all legislation. But general beneficence does not create third-party rights, else every Texan could challenge or seek to enforce any government contract and the presumption against third-party-beneficiary agreements would disappear. The enabling statute upon which the court of appeals relied created no more than an incidental benefit to the public at large, the very type of benefit we have said is insufficient to confer third-party-beneficiary status. Thus, even if the enabling statute's language could be imported into the water-supply contract to discern the parties' intent, which the court of appeals held and we do not address, there is nothing in either that would confer donee- or creditor-beneficiary standing upon the plaintiffs to challenge the contract's terms.

▆▆▆ Neither are Lomas or WATER entitled to sue under general standing principles. Standing is a constitutional prerequisite to filing suit for both individuals and associations. *See Williams v. Lara,* 52 S.W.3d 171, 178 (Tex.2001); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 447 (Tex.1993). The standing requirement's constitutional underpinnings are found in the separation-of-powers doctrine and, in Texas, the open-courts provision. *Tex. Air Control Bd.,* 852 S.W.2d at 443. Our separation-of-powers article prohibits courts from issuing advisory opinions that decide abstract questions of law without binding the parties, as that is a function of the executive rather than the judicial branch. TEX. CONST. art. II, § 1; *Brown v. Todd,* 53 S.W.3d 297, 302 (Tex.2001). And our constitution's open-courts provision contemplates access to the courts for only those litigants who have suffered an actual injury, as opposed to one that is general or hypothetical. *Tex. Air Control Bd.,* 852 S.W.2d at 444. Thus, as a general rule, to have standing an individual must demonstrate a particularized interest in a conflict distinct from that sustained by the public at large. *See Williams,* 52 S.W.3d at 178; *Brown,* 53 S.W.3d at 305.

▆▆▆ Here, the court of appeals determined that Lomas had sufficiently pled a particularized injury by claiming that, as a citizen and taxpayer of the City of Kingsville and a regulated ratepayer of STWA, he was subjected to disproportionate and discriminatory treatment under the water-supply contract. But there is nothing to indicate that Lomas was treated differently than any other Kingsville resident or suffered an injury peculiar to himself. *See Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 647 (Tex.2004) (holding that residents of city lacked standing to pursue equal protection claim based on geographic disparate treatment). Nor does Lomas fit within the limited ex-

ception to the particularized-injury rule that confers standing on taxpayers who seek injunctive relief to prevent the illegal expenditure of public funds. *Williams,* 52 S.W.3d at 179. To meet this exception, a taxpayer must demonstrate that the expenditure is illegal rather than merely "unwise or indiscreet." *Id.* at 180 (quoting *Osborne v. Keith,* 142 Tex. 262, 177 S.W.2d 198, 200 (Tex.1944)). Neither Lomas nor WATER allege that the water-supply contract is illegal; rather, they claim the contract is "misapplied," which is not sufficient to confer taxpayer standing. *Id.* Moreover, the funds paid to STWA under the water-supply contract do not derive from taxes, thus Lomas lacks taxpayer standing to challenge them.[3] *See Franks v. Welch,* 389 S.W.2d 142, 145 (Tex.App.-Houston [1st Dist.] 1965, writ ref'd n.r.e.) (holding Houston residents lacked standing to sue because "appellants allege no damage peculiar to themselves[,] ... [and] do not contend in their petition or their brief that any of the funds necessary for the performance of the contract ... will be raised by taxation"); *Houston Natural Gas Corp. v. Wyatt,* 359 S.W.2d 257, 260 (Tex.Civ.App.-Eastland 1962, no writ) (holding "Wyatt, as a taxpaying citizen of Corpus Christi, cannot maintain this suit to enjoin execution of the contract in question, which is payable only out of gas revenues").

■ WATER additionally asserts associational standing on behalf of its members. To have standing as an association, WATER must show that (1) its members would have standing to sue on their own, (2) the interests WATER seeks to protect are germane to its purpose, and (3) neither the nature of the claim nor the relief sought requires the participation of the individual members in the lawsuit. *See Tex. Air Control Bd.,* 852 S.W.2d at 447 (citing *Hunt v. Wash. State Apple Advertising, Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)). To meet the first requirement, WATER must show that its members have standing to sue in their own right. *Id.* As neither Lomas nor any other WATER member has demonstrated individual standing to contest the water-supply contract, WATER lacks associational standing to sue on behalf of its members.

■ We agree with the plaintiffs that, when an organization supplies water, it must do so "without discrimination between persons similarly situated." *City of Galveston v. Kenner,* 111 Tex. 484, 240 S.W. 894, 895 (Tex.1922). But here, STWA supplies water to the City of Kingsville pursuant to its wholesale contract with the City, which in turn serves individual Kingsville residents as retail customers. Lomas has not sued the City of Kingsville for discrimination, and lacks standing to bring such a claim against STWA.

Accordingly, without hearing oral argument pursuant to Rule 59.1 of the Texas Rules of Appellate Procedure, we reverse the court of appeals' judgment and dismiss the case for lack of jurisdiction.

---

**3.** The water-supply contract states:
[STWA] shall never have the right to demand payment by City of any obligation assumed or imposed on it under and by virtue of this Contract from funds raised or to be raised by taxation. City's obligation under this Contract shall never be construed to be a debt of City of such kind as to require it under the laws of this State to levy and collect a tax to discharge such obligation, it being expressly understood by the parties hereto that all payments due by City hereunder are to be made from the revenues received by City from its waterworks system.