Opinion filed June 18, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed June 18, 2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00371-CR

                        __________

 

                     EX PARTE YEDIDIYAH KOHANIMYAH HAWKINS

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor
County, Texas

 

                                                   Trial
Court Cause No. 8267-D

 



 

                                             M
E M O R A N D U M   O P I N I O N

This
is an appeal pursuant to Tex. R. App. P.
31 from the trial court=s
order denying a pre-conviction application for a writ of habeas corpus.  We affirm.

In
reviewing the trial court=s
determination, due deference is afforded the trial court=s findings of historical facts and the trial
court=s application of
the law to the facts.   Ex parte Peterson, 117 S.W.3d 804, 819 (Tex.
Crim. App. 2003), rev=d
on other grounds, Ex parte Lewis, 219 S.W.3d 335 (Tex. Crim. App.
2007); Ex parte Martin, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Mixed questions of law
and fact are reviewed de novo.  Peterson, 117 S.W.3d at 819; Martin,
6 S.W.3d at 526; Guzman, 955 S.W.2d at 89.  The facts are reviewed in
the light most favorable to the trial court=s
determination.  Peterson,  117 S.W.3d at 819.  Absent an abuse of
discretion, the trial court=s
ruling should be affirmed.  Id.








Appellant
has been indicted for sexual assault of a child.  The offense is alleged to
have occurred in Callahan County.  Appellant was arrested on October 16, 2007,
in Taylor County on a Callahan County warrant.   Appellant filed a pro se
application for writ of habeas corpus alleging that he was illegally confined
in Taylor County and that his bond was oppressive and unreasonable.  Appellant
contended that he was entitled to a writ of habeas corpus because Callahan
County had failed to demand and take charge of him within eleven days from the
date of his arrest in violation of Tex.
Code Crim. Proc. Ann. art. 15.21 (Vernon Supp. 2007).[1]  


At
the hearing on appellant=s
application, Major Kathy Graham with the Taylor County Sheriff=s Department testified that
Taylor County contacted Callahan County the day after his arrest. Callahan
County informed Taylor County that the Callahan County facility was Aat a point of overcrowding@ and directed Taylor County
to Ago ahead and place
[appellant] on their bill with [Taylor County].@ 
Major Graham testified that Taylor County housed Callahan County inmates as
part of a local agreement.  A copy of the agreement between the counties was
introduced into evidence, and appellant cross-examined Major Graham concerning
the terms and conditions of the agreement. 

The
Taylor County trial court determined that it did not have jurisdiction to
consider appellant=s
arguments concerning the reduction of his bond set for the Callahan County
offense.  The Taylor County trial court further determined that appellant was Anot entitled to be released
pursuant to Texas Code of Criminal Procedure Chapter 15, Article 15.21 because
the requirement that Callahan County take charge of [appellant] before the
eleventh day after the date of his confinement has been substantially fulfilled
by the terms of the interlocal inmate housing agreement between Callahan
County, Texas and Taylor County, Texas.@








In
two issues, appellant contends that the trial court erred when it determined
that the requirements of Article 15.21 had been met.[2] 
Appellant contends that Callahan County never made a Ademand@
for him and never took Acharge@ of him as required by
Article 15.21.  Moreover, appellant argues that the agreement between Callahan
County and Taylor County is void and that it does not apply to him because he
was never an inmate in a Callahan County facility. 

The
State contends that Callahan County did meet the requirements of Article 15.21
by arranging to have appellant housed not in the overcrowded Callahan County
facility but in the Taylor County facility per the counties= inmate housing agreement. 
The State also contends that appellant lacks standing to challenge the
agreement between the counties.

The
record before this court supports the trial court=s
finding that Callahan County substantially complied with the requirements of
Article 15.21 within the requisite time frame.  The day after his arrest,
Callahan County insured appellant=s
safe housing in the Taylor County facility.  Appellant has failed to establish
that the trial court abused its discretion.  The first issue is overruled.

The
inmate housing agreement between the counties creates a Ageneral beneficence@ to appellant.  S. Tex. Water Auth. v.
Lomas, 223 S.W.3d 304, 307 (Tex. 2007).  Therefore, appellant lacks
standing as a third party to raise his complaint in this appeal.  Id. 
The second issue is overruled.

The
order of the trial court is affirmed.

 

PER CURIAM

 

June 18, 2008

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.

 

 

 









[1]Article 15.21 provides:

 

If the proper office of the county where the offense is
alleged to have been committed does not demand the arrested person and take
charge of the arrested person before the 11th day after the date the person is
committed to the jail of the county in which the person is arrested, the
arrested person shall be discharged from custody.

 





[2]Appellant does not challenge the trial court=s determination concerning his request for reduction of
bail.