

## NUMBER 13-13-00279-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**AMERIPRISE FINANCIAL
SERVICES, INC.,**                                                           **Appellant,**

**v.**

**VICTORIA FARIAS AND
VALERIE FARIAS,**                                                           **Appellees.**

---

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

In this interlocutory appeal, Ameriprise Financial Services, Inc. ("Ameriprise")

challenges the trial court's order denying its motion to compel arbitration and stay

proceedings in this suit filed by Valerie Farias and Victoria Farias (the "Farias Plaintiffs"). For the reasons set forth below, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND[1]

On or about January 29, 1999, the 92nd Judicial District Court of Hidalgo County entered Decrees to Establish Trusts for the sole benefit of Victoria Aynnae Farias and Valerie Annette Farias (the "Trust Decrees"). The district court appointed Javier Farias, the father of the Farias Plaintiffs, as trustee for the Farias Plaintiffs' trusts. The Trust Decrees instructed Javier Farias to deliver the trusts' funds to American Express Financial Advisors for initial investment in the IDS Mutual Fund Group and thereafter "in such other investment vehicles as [Javier Farias] shall, in his sole discretion determine to be in the best interest of [the Farias Plaintiffs]." The Trust Decrees also provided the following: "The Trustee shall have all of the discretionary powers deemed necessary and appropriate to administer this Trust, provided that such administration shall be in the best interest of Beneficiary and in furtherance of the purpose of the Trust. . . ." The Trust Decrees also provided that the trusts would terminate when the Farias Plaintiffs reached the age of twenty-five. Accordingly, the trust for Victoria terminated on June 6, 2012, and the trust for Valerie terminated on February 14, 2011. Ameriprise was not involved in the underlying litigation or hearings regarding the Trust Decrees.

On or about October 11, 2000, pursuant to his authority under the Trust Decrees naming him as trustee for the benefit of his daughters, Javier Farias signed American Express Brokerage Account Applications and Agreements in connection with the

---

[1] We take the relevant factual background from Ameriprise's statement of facts because the Farias Plaintiffs have not contradicted them. *See* TEX. R. APP. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

opening of accounts for Victoria Farias and Valerie Farias (the "Account Agreements").

The Account Agreements specifically state, in bold letters, immediately above the

signature line:

> I acknowledge I have received the American Express Financial Advisors client agreement and agree to abide by their terms as currently in effect or as they may be amended from time to time. This account is governed by a predispute arbitration clause which is found in the arbitration section, Section 6, of the client agreement. I acknowledge receipt of the predispute arbitration clause.

In another section, also in bold letters, the agreements provide:

> 6. Arbitration
>
> (i) Arbitration is final and binding the parties.
>
> (ii) The parties are waiving their right to seek remedies in court, including the right to a jury trial.
>
> (iii) Pre-arbitration discovery is generally more limited than, and different from, court proceedings.
>
> (iv) The arbitrators' award is not required to include factual findings or legal reasoning and any party's right to appeal or to seek modification of rulings by the arbitrators is strictly limited.
>
> (v) The panel of arbitrators will typically include a minority of arbitrators who were or are affiliated with the securities industry.
>
> Any controversy arising out of, relating to, my accounts, to transactions with you or your Brokers and/or employees for me or to this agreement or the breach thereof, shall be settled by arbitration and conducted pursuant to the Federal Arbitration Act . . . .

In September 2005, American Express Financial Advisors, Inc. changed its name

to Ameriprise Financial Services, Inc. as a result of a spin-off of its parent corporation.

On or about September 18, 2012, three months after the last trust terminated, the

Farias Plaintiffs filed an original petition and request for disclosure against their father,

Javier Farias, and Ameriprise. The Farias Plaintiffs allege that Ameriprise "wrongfully

3

disbursed funds from the respective Trusts to the Trustee . . . without Plaintiffs' knowledge or consent." The Farias Plaintiffs assert causes of action against Ameriprise for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent concealment, negligence, and gross negligence.

Ameriprise filed a motion to compel arbitration and to stay proceedings based on the arbitration provisions of the Account Agreements. The motion invoked the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 2. After holding a hearing, the trial court entered an order denying the motion. Ameriprise then filed this interlocutory appeal.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2011) ("In a matter subject to the Federal Arbitration Act (9 U.S.C. Section 1 et seq.), a person may take an appeal or writ of error to the court of appeals from the judgment or interlocutory order of a district court, county court at law, or county court under the same circumstances that an appeal from a federal district court's order or decision would be permitted by 9 U.S.C. Section 16."); *see also* 9 U.S.C. § 16(a)(1)(A)–(C) ("An appeal may be taken from . . . an order (A) refusing a stay of any action under section 3 of this title, (B) denying a petition under section 4 of this title to order arbitration to proceed, [or] (C) denying an application under section 206 of this title to compel arbitration . . . .").

## II. ANALYSIS

Ameriprise argues that the trial court committed reversible error in denying its motion to compel arbitration pursuant to the FAA.[3]

---

[2] Javier Farias is not a party to this appeal, and no argument or assertion has been made that the claims against Javier Farias are subject to the arbitration provisions of the Account Agreements. Accordingly, we confine our analysis to whether the trial court erred in denying Ameriprise's motion to compel arbitration. *See* TEX. R. APP. P. 47.1.

[3] The Farias Plaintiffs do not contest Ameriprise's assertion that the FAA applies in this case. Accordingly, we review the district court's ruling on the motion to compel based on the FAA, though we

4

## A.  Applicable Law

"In general, a party seeking to compel arbitration under the FAA must establish that:  (1) there is a valid arbitration agreement, and (2) the claims raised fall within that agreement's scope."  *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005).

## B.  Standard of Review

"Generally speaking, we review the trial court's denial of a motion to compel arbitration for abuse of discretion."  *See Schlumberger Tech. Corp. v. Baker Hughes Inc.*, 355 S.W.3d 791, 800 (Tex. App.—Houston [1st Dist.] 2011, no pet.).  "However, when an appeal from a denial of a motion to compel arbitration turns on a legal determination, we apply a de novo standard."  *Id.* (quotations omitted).

## C.  Did Ameriprise Prove the Farias Plaintiffs Are Bound by Valid Arbitration Agreements?

According to Ameriprise, Javier Farias signed written agreements to arbitrate all controversies arising from the Farias Plaintiffs' accounts with Ameriprise, and the FAA requires enforcement of contracts providing for arbitration.  Specifically, Section 2 of the FAA states as follows:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The Supreme Court has affirmed that "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district

---

recognize that Ameriprise also sought to compel arbitration based on the Texas General Arbitration Act.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.001–.098 (West 2011).

courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).

There is no dispute that arbitration agreements exist between Javier Farias and Ameriprise. The issue is whether the agreements are valid and enforceable against the Farias Plaintiffs, who did not sign them. "[U]nder certain circumstances, principles of contract law and agency may bind a non-signatory to an arbitration agreement." *In re Kellogg Brown & Root,* 166 S.W.3d at 738. "[C]ourts have applied both federal and state law to determine . . . whether non-signatory plaintiffs should be compelled to arbitrate their claims." *Id.* "Federal courts have recognized six theories, arising out of common principles of contract and agency law, that may bind non-signatories to arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estoppel; and (6) third-party beneficiary." *Id.* at 739. Here, Ameriprise asserts that the Farias Plaintiffs are bound because they are third-party beneficiaries of the Account Agreements. We agree.[4]

We begin by noting that "there is a presumption against conferring third-party-beneficiary status on non[-]contracting parties." *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007) (per curiam). In deciding whether a third party is a beneficiary of a contract, "it is the contracting parties' intent that controls." *Id.* "The intent to confer a direct benefit upon a third party must be clearly and fully spelled out . . . ." *Id.* (quotation omitted). Here, the uncontroverted evidence established that Javier

---

[4] Ameriprise also asserts that equitable estoppel binds the Farias Plaintiffs to the arbitration provisions of the Account Agreements; however, in light of our holding regarding their status as third-party beneficiaries, we do not reach that issue because it is not necessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1.

Farias entered into the Account Agreements with Ameriprise for the direct benefit of the Farias Plaintiffs.

First, Javier Farias opened the accounts pursuant to the Trust Decrees and for the direct and exclusive benefit of his daughters. The language in the Trust Decrees is identical:

> [Javier Farias] shall take possession of all funds recovered for the Beneficiary, and shall deliver such funds to American Express Financial Advisors . . . . The funds shall be invested . . . in his sole discretion determine [sic] to be in the best interest of the Beneficiary.

The language in the Trust Decrees is consistent with Section 142.005 of the Texas Property Code, pursuant to which the Trust Decrees were entered:

> (a) Any court of record with jurisdiction to hear a suit involving a beneficiary may, on application and on a finding that the creation of a trust would be in the best interests of the beneficiary, enter a decree in the record directing the clerk to deliver any funds accruing to the beneficiary under the judgment to a financial institution, except as provided by Subsections (m) and (n).
>
> (b) The decree shall provide for the creation of a trust for the management of the funds for the benefit of the beneficiary and for terms, conditions, and limitations of the trust, as determined by the court, that are not in conflict with the following mandatory provisions:
>
> (1) The beneficiary shall be the sole beneficiary of the trust.
>
> (2) The trustee may disburse amounts of the trust's principal, income, or both as the trustee in the trustee's sole discretion determines to be reasonably necessary for the health, education, support, or maintenance of the beneficiary. . . .

TEX. PROP. CODE ANN. § 142.005(a), (b)(1)–(2) (West Supp. 2011).

Second, in the Account Agreements, Javier Farias identified the Farias Plaintiffs as the primary account holders. Furthermore, as the trustee for the Farias Plaintiffs' trusts, Javier Farias was required to invest and manage the trust funds for the benefit of

7

the Farias Plaintiffs. *See id.* Based on the foregoing, we conclude that Ameriprise established by uncontroverted evidence that the parties clearly and fully spelled out the intent to confer a direct benefit on the Farias Plaintiffs by opening the accounts at Ameriprise. *See S. Tex. Water Auth.*, 223 S.W.3d at 306. Therefore, we conclude that Ameriprise established that the Farias Plaintiffs are third-party beneficiaries of the Account Agreements. *See id.* Furthermore, because of their status as third-party beneficiaries, the Farias Plaintiffs are bound by the arbitration provisions in the Account Agreements even though they are non-signatories to those agreements. *See In re Kellogg Brown & Root,* 166 S.W.3d at 739.

**D. Did Ameriprise Establish that the Claims Alleged by the Farias Plaintiffs Fall Within the Scope of the Arbitration Agreements?**

Next, we must determine whether the claims fall within the scope of the arbitration provisions in the Account Agreements. *See id.* "Doubts regarding an agreement's scope are resolved in favor of arbitration because there is a presumption favoring agreements to arbitrate under the FAA." *Id.* at 737. "However, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists because the purpose of the FAA was to make arbitration agreements as enforceable as other contracts, not more so." *Id.* (quotation omitted). As set forth above, Ameriprise has established the existence of valid arbitration agreements that are enforceable against the Farias Plaintiffs based on their status as third-party beneficiaries of the Account Agreements. Therefore, there is a presumption in favor of arbitration, and any doubts regarding the scope of those arbitration agreements are resolved in favor of arbitration. *See id.*

8

The Farias Plaintiffs argue that they rebutted this presumption and established that their claims are outside the scope of the arbitration agreements. Specifically, they contend that their claims are based solely on the Trust Decrees, not the Account Agreements. According to the Farias Plaintiffs, their claims are based on Ameriprise's violation of the following provision in the Trust Decrees:

> On application to and approval of the Court, the Trustee may disburse such amounts of the Trust principal, income or both as the Trustee determines to be reasonably necessary for the health, education, support or maintenance of the Beneficiary.

However, we note that the Trust Decrees did not appoint Ameriprise as the trustee; rather, Javier Farias was appointed as the trustee. In their original petition, the Farias Plaintiffs allege that "[w]ithout notice to and unknown to the Plaintiffs, on multiple occasions, Defendant Ameriprise, without mandatory application and approval of the Court, wrongfully disbursed funds from the respective Trusts to the Trustee." The Farias Plaintiffs further allege that the trustee, Javier Farias, then "cleared out" the trusts in violation of the Trust Decrees. In addition, the Farias Plaintiffs allege that Ameriprise breached fiduciary duties owed to them or, alternatively, aided and abetted Javier Farias's breach of fiduciary duty.

Again, we note that the relevant inquiry is not whether the claims are based on the Account Agreements or the Trust Decrees; rather, the relevant inquiry is whether the claims fall within the scope of the arbitration provisions of the Account Agreements. *See id.* at 739. We conclude that they do because the arbitration provisions cover "[a]ny controversy arising out of . . . [or] relating to" the accounts. Clearly, the claims in this case fall within the scope of this broad language because the Farias Plaintiffs are alleging that Ameriprise wrongfully disbursed funds from the accounts to Javier Farias.

9

Thus, the claims involve a controversy arising out of or relating to the accounts. Accordingly, we conclude that the claims against Ameriprise fall within the broad scope of the arbitration provisions in the Account Agreements.

## E.  Ameriprise Met Its Burden under the FAA

In sum, we conclude that Ameriprise met its burden to prove (1) the existence of valid arbitration agreements enforceable against the Farias Plaintiffs and (2) that the claims asserted by the Farias Plaintiffs fall within the scope of those arbitration agreements.  *See id.*  Therefore, the trial court abused its discretion in denying the motion to compel arbitration.  Accordingly, we sustain Ameriprise's issue on appeal.

## III.  CONCLUSION

The order of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

_____
NORA L. LONGORIA
Justice

Delivered and filed the
21st day of November, 2013.

10