**Affirmed and Majority and Concurring Opinions filed August 14, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00042-CV

### CLAY EXPLORATION, INC., Appellant

### V.

### SANTA ROSA OPERATING, LLC, Appellee

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 28262-A**

## C O N C U R R I N G   O P I N I O N

I respectfully concur. Although I agree with the majority opinion conclusion that the trial court did not abuse its discretion in light of the limiting language in the order granting authority, I do not agree that we should consider whether the receivership in this underlying cause is or is not still in effect.

Under our appellate rules we should not reach the continued validity of the receivership. The Texas Rules of Appellate Procedure require us to address "every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1.

Specifically, the majority determines that "a claim of heirship communicated outside the judicial process did not alone invalidate either the receivership or the lease" and that "Santa Rosa failed to show the receivership was still in effect when Ketchum executed the Clay lease." Such a discussion is unnecessary in light of our determination that the trial court did not abuse its discretion in disallowing a lease executed beyond the scope of the receiver's authority. As the majority opinion states, we may affirm the judgment of the trial court on any basis presented because the trial court's judgment does not state a basis relied upon. We fully resolve the appeal on the basis of receiver authority. The analysis requires no "belt and suspenders" determination because such determinations are unnecessary to the disposition of this appeal and, thus, approach advisory. *See* Tex. R. App. P. 47.1; *S. Tex. Water Auth. v. Lomas*, 223 S.W.3d 304, 307 (Tex. 2007) (per curiam) (courts are prohibited from issuing advisory opinions that decide abstract questions of law without binding the parties by Article II, section 1, of the Texas Constitution).

Further, as a policy matter we should not decide the unnecessary question. As the majority opinion notes, there are not only multiple parties to the underlying proceeding by virtue of intervention and the competing motion herein, but also a separate petition by Tayland Resources for the trial court to appoint a receiver. Therefore, the broader legal question concerning the status of the receivership below will impact subsequent and collateral proceedings. I recognize that there are circumstances in which an appellate court may address additional issues that have been properly raised and presented but are not "necessary" to the final disposition of the appeal. *See, e.g.*, *Edinburgh Hosp. Auth. v. Trevino*, 941 S.W.2d 76, 81 (Tex. 1997) (addressing issue not essential to the disposition of appeal to provide trial court with guidance on retrial); *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d

623, 626 (Tex. 1996) (appellate court may consider summary judgment grounds "that the movant preserved for review and trial court did not rule on in the interest of judicial economy"). But in this case, I would adhere to "'the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.'" *VanDevender v. Woods*, 222 S.W.3d 430, 433 (Tex. 2007) (quoting *PDK Labs. Inc. v. U.S. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring)).

The majority is not faced with deciding a constitutional issue, as was present in *VanDevender*. *See id.* But here, there are both collateral and probable subsequent proceedings involved in this case: the receivership at issue is ongoing and another related receivership is sought. I would therefore practice judicial restraint to go no further than necessary in affirming the trial court's order to prevent the possibility of our holding impacting these proceedings.

Accordingly, I do not join the majority's discussion regarding the continuation of the receivership in Part II.A. Because I agree with the majority that the trial court's order setting aside the Ketchum-Clay lease should be affirmed because the receiver exceeded his authority, however, I respectfully concur.

/s/         Sharon McCally
                Justice

Panel consists of Justices McCally, Busby, and Donovan (Busby, J., Majority).

3